JACKSON *ex dem.* VIELY AND CLARK *against* CUERDEN.

Where A., who had been many years in possession of land under B, the supposed proprietor, applied afterwards to C. as the real owner, to purchase, and requested to be considered as tenant; in an action of ejectment by C. against A. it was held, that A. might show that he made the application under a mistake, and prove a title out of C. though he could not set up an adverse possession of twenty years.

A. was not tenant to C. so as to be entitled to a notice to quit.

THIS was an action of ejectment for lands in Saratoga county; and was tried at the June circuit in 1800.

The plaintiff gave in evidence a letter written by the defendant to Mary Clark, one of the lessors of the *plaintiff, dated at Half-Moon, the 4th September,  [*354] 1797, in which he informs her that "he is in possession of a piece of land, which appears from the map to be hers, and which he had occupied, in company with one Rogers, for a number of years, under Mr. Gansevoort as soil-

owner. That as it then appeared to belong to her and Mr. Daniel Campbell, he had purchased Campbell's part at six dollars per acre, and was willing to pay her immediately at the same rate for hers, which was, he believed, between 40 and 50 acres. He hopes she will consider him and the widow Rogers as the tenants in possession, as they wished to pay her for the soil as high as any other person," &c.

The plaintiff further proved, that the defendant confessed he was in possession of some lands claimed by the widow Clark, but said he went into possession under the Half-Moon title, and that in 1795, the defendant offered to purchase the land of an agent of the widow Clark. That before and after the offer to purchase of the agent, and before and after the writing of the said letter, the defendant claimed under the Half-Moon patent, and that Viely, one of the lessors, to whom Mary Clark conveyed the premises in October, 1797, had, in May or June, 1798, before bringing the suit, ordered the defendant to leave the premises.

The defendant then offered to give evidence of more than 20 years adverse possession in himself; but it was overruled by the judge, who said that the defendant, by his letter, was a tenant, and could set up no title. The defendant then objected to the want of six months notice to quit, which point was reserved.

*Emott*, for the plaintiff.

*Foot*, contra.

[*355] *Per Curiam*. The letter of the defendant was sufficient, *prima facie*, for the plaintiff to recover; but it did not make the defendant a tenant to the plaintiff. The defendant only wished to be deemed the tenant in possession, or, in other words, the occupier, having the equitable right of pre-emption. This was sufficient evidence to enable the plaintiff to recover; but, on the other hand, the defendant was not precluded from showing that he grounded his letter on a mistake, or that the fee existed in himself, or out of the plaintiff. He might be precluded from setting up twenty years adverse possession, for that is only setting up the statute of limitations; and his acknowledgment by his

letter takes away the statute.    (Bull, N. P. 104.)    The idea
of notice is inapplicable.    Here was no tenancy, but an ad-
verse holding.    (Cowp. 622.)

A new trial must be granted, for the misdirection of the
judge.

.New trial granted.(*a*)

(*a*) See Tillinghast's Adams on Ejectment, ed. 1846, pp. 33, 56, 105, 275,
notes.