### CASE and others *vs.* REDFIELD.

In a suit for the recovery of property purchased at a constable's sale under an execution on a justice's judgment, rendered in a cause commenced by *attachment*, evidence that *a copy of the attachment* was not left at the last place of abode of the defendant, is not admissible.

A *specification* under a justice's judgment, rendered on *confession*, stating the indebtedness, to be "for two promissory notes which were given on a balance of settlement," is not a compliance with the statute in such cases.

A *plaintiff* in a judgment, void for the want of a sufficient specification, becoming a *purchaser* under an execution issued on such judgment, is not entitled to be considered as a *bona fide* purchaser.

ERROR from the Onondaga common pleas. Redfield sued Case and two others before a justice, and declared against them in *trover* for a quantity of wheat. The defendants pleaded the general issue ; judgment was rendered for the plaintiff, and the defendants appealed to the Onondaga C. P. On the trial in that court, the plaintiff proved a justice's judgment in favor of one Harvey Edwards against *Albert Sennett*, for $52,- 50, obtained on *attachment;* an execution issued on such judgment on the 11th June, 1828, the sale on the 30th June of a quantity of wheat growing on a farm in the possession of *Albert Sennett*, the purchase of the same by the plaintiff, and the conversion thereof by the defendants. The defendants offered to prove that the constable who served the *attachment* did not leave a copy thereof at the last place of abode of the defendant, which evidence was rejected, and the defendant excepted. The defendants proved a judgment rendered before a justice, in favor of *Pardon Sennett* against *Albert Sennett*, on *confession* for $203,38 damages and costs, a specification filed, in which the defendant stated that he was indebted to the plaintiff in the sum of 202,94 for two promissory notes which

were given *on a balance of settlement*, and the notes were attached to the specification.   On this judgment an execution was issued the 17th May, 1828, and the wheat in question sold by virtue thereof to Pardon Sennett on the 17th June.   The plaintiff insisted that the judgment in favor of *Pardon Sennett* was void, because the specification was not conformable to the provisions of the statute in such cases, and the court so ruled, to which decision the defendants also excepted.   The defendants insisted that Pardon Sennett, being a *bona fide purchaser* under the execution, was entitled to be protected ; the court decided that whether he was a *bona fide* purchaser or not, was a question of fact to be passed upon by the jury, and accordingly instructed them that if they should find that Pardon Sennett was a *bona fide* purchaser, and that there was no fraud in the judgment, they must find for the defendants, otherwise for the plaintiff.   The jury found for the plaintiff, upon which judgment was entered.   The defendants sued out a writ of error.

*S. L. Edwards*, for plaintiff in error.

*J. Watson*, for defendant in error.

*By the Court*, SUTHERLAND, J.   The evidence offered that a *copy of the attachment* was not left at the dwelling house, or last place of abode of the defendant, was properly excluded. The attachment was returned regularly served, and it is the return which gives jurisdiction to the justice, and authorizes him to proceed.   The statute provides, Laws of 1824, p. 296, § 25, that on the return of the attachment, the justice shall proceed to hear, try and determine the cause in the same manner as on summons returned personally served.   If a constable makes a false return upon process, the judgment cannot be avoided on that ground ; he is responsible in an action for the false return, but the return itself, whether true or false, gives jurisdiction to the magistrate, and authorizes him to proceed.   14 Johns. R. 481.   Cowen's Treat. 275.

The court were also correct in deciding that the judgment given in evidence by the defendants, in favor of Pardon Sen-

nett and Albert Sennett, (under which the defendants claim-
ed a right to the wheat as purchasers) was void as against the
creditors of Albert Sennett; it was judgment upon confes-
sion before a justice of the peace, under the 12th and 13th
sections of the act of 1824, p. 286. The act requires that the
defendant shall set forth the *items* of the demand for which he
confesses judgment, as far forth as he may be able so to do.
The construction of this act has been the same as the act of
1818, which required a particular statement and specification
of the nature and consideration of the debt or demand to be
stated. To say it was for a promissory note or book account,
or work, labor and services, without dates or sums, is commu-
nicating no useful information to the opposite party to enable
him to investigate and ascertain the real character of the trans-
action. 16 Johns. R. 150.

The plaintiff in that judgment being the purchaser under
it, he purchased with full knowledge in judgment of law, if
not in fact, that it was void, and cannot therefore be protected
as a *bona fide* purchaser, admitting that a stranger might
have been. The court erred in this branch of the case. 2
Caines, 61. 1 Cowen, 622, 644. 9 id. 61. They, however,
left the question to the jury on the question of actual fraud,
charging them that the defendants were entitled to their ver-
dict, if they believed there was no fraud in that judgment.
By finding a verdict for the plaintiff, the jury therefore have
said that that judgment was fraudulent in fact, and the plain-
tiff was not injured by the error of the court.

Judgment affirmed, with costs.