Petterson v. Sweet.

Andreas J. Petterson
v.
Allen S. Sweet.

1. Landlord and Tenant.—A tenant in possession is not estopped by his parol agreement to pay rent, or by his actual payment of it to another not in privity with his lessor, nor having any interest in the premises, under the belief that he is the proper person to receive it, to deny the latter's title.

2. Estoppel—Evidence.—While a tenant can not affect his landlord's interest by accepting a lease from another, he may by accepting two leases of the same premises for the same time, estop himself from denying the title of either; yet an exception to this rule is recognized where the tenant

already in possession under the first, accepts the second under the belief, through mistake, ar'ifice or fraud, that the second lessor is privy in title with the first. As the evidence offered and excluded in this case tended to show this, it was error to exclude it.

APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed July 27, 1883.

Messrs. JACK & MOORE and Mr. GEORGE A. WILSON, for appellant; that before a tenant already in possession can be held to be estopped by the payment of rent to one, after the death of his original landlord or the termination of his estate, the party seeking the benefit of such estoppel must show that he made known to the tenant the character of his claim or right to possession, and that the tenant agreed to hold subordinate thereto, cited Fenner v. Duplock, 2 Bing. 10; Gravenor v. Woodhouse, 1 Bing. 38; Rogers v. Pitcher, 6 Taunt. 202; Taylor on Landlord and Tenant, § 439; Lindley v. Dakin, 13 Ind. 388; Gregory v. Doidge, 3 Bing. 473; Williams v. Bartholomew, 1 B. & P. 326; Doe v. Barton, 11 Ad. & El. 307; Claridge v. McKenzie, 4 M. & G. 142; Cornish v. Searell, 8 Barn. & Cress. 471; Jew v. Wood, C. and P. 185; Hall v. Bennett, 1 Pa. 402, 410; Gleim v. Rise, 6 Watts, 44; Brown v. Dysinger, 1 Rawle, 408; Hockenbury v. Snyder, 2 W. & S. 240; Miller v. McBriar, 14 S. & R. 382; Evans v. Bidwell, 76 Pa. 497; Schultz v. Elliott, 30 Tenn. 182; Swift v. Dean, 11 Vt. 323; Schultz v. Arnot, 33 Mo. 172; Jackson v. Leek, 12 Wend. 105; Jackson v. Spear, 17 Wend. 404; Ingraham v. Baldwin, 9 N. Y. 45; Jackson v. Harper, 5 Wend. 536; Tyson v. Yawn, 15 Ga. 139; Alderson v. Miller, 15 Grat. 279; Shelton v. Carroll, 16 Ala. 148; Ball v. Lively, 2 J. J. Marsh, 181; Gallagher v. Bennett, 38 Tex. 291; Givens v. Mullineaux, 4 Rich. 590; Fuller v. Sweet, 30 Mich. 237; Tewksbury v. Magraff, 33 Cal. 558; Piralto v. Ginochio, 47 Cal. 459.

An attornment to a stranger is fraudulent and void, unless the owner knowingly acquiesces therein: Jackson v. Harper, 5 Wend. 246; Lawrence v. Brown, 5 N. Y. 394; Payne v. Vandever, 16 Ky. 127; Richardson v. Scott, 3 La. 345.

Where a person invokes the advantage of an estoppel, it

Petterson v. Sweet.

must clearly appear that the alleged ground of the estoppel was not induced by his own misrepresentation or fraud: Bigelow on Estoppel, 450; Flower v. Elwood, 66 Ill. 447; Chandler v. White, 84 Ill. 436; Davidson v. Young, 38 Ill. 152; Dunbar v. Bonesteel, 3 Scam. 32; Bailey v. Moore, 21 Ill. 165; Lowe v. Emerson, 48 Ill. 160; Hardin v. Forsythe, 99 Ill. 312; Anderson v. Smith, 63 Ill. 127; Doty v. Burdick, 83 Ill. 473.

As to the introduction of title papers: St. John v. Quitzow, 72 Ill. 334; Tinney v. Wolston, 41 Ill. 215; Tilghman v. Little, 13 Ill. 239; Alderson v. Miller, 15 Gratt. 279; Ball v. Lively, 2 J. J. Marsh, 181; Gay v. Mitchell, 35 Ga. 389.

Messrs. STEVENS, LEE & HORTON, and Messrs. FOSTER & RAUM, for appellee; cited Oaks v. Oaks, 16 Ill. 106.

Where a tenant enters under another and thereby admits his title, he must restore the possession to the person from whom he received it before he can set up title in himself or another: Doty v. Burdick, 83 Ill. 473; Haskins v. Helm, 4 Littell, 309; Clark v. Stringfellow, 4 Ala. 353; Bryne v. Besson, 1 Douglas (Mich.), 179; Thorn v. Reed, 1 Ark. 481; Clinton v. Clinton, 2 Bibb. 432; Didman v. Smith, 2 Mar. 261.

A tenant disclaiming his landlord's title is not entitled to notice to quit, but is liable instantly to a warrant of forcible detainer: Fortier v. Ballance, 5 Gilm. 41; Bates v. Aviston, 2 Mar. 270; Adams on Ejectment, 199; Willison v. Watkins, 3 Peters, 43; Tilghman v. Little, 13 Ill. 241; Fusselman v. Worthington, 14 Ill. 135.

PLEASANTS, J.   Forcible detainer, brought by appellee, to recover possession of that portion of a house occupied by appellant in the city of Peoria.

On the trial in the circuit court without a jury, upon appeal from a justice of the peace, plaintiff proved a parol agreement by defendant, who was then and for two years had been in possession, to pay him rent at the rate of seven dollars per month for the premises in controversy, his actual payment accordingly for five months, his refusal to pay thereafter and

his acceptance of a lease from one Henry Mansfield, together with notice and demand according to the statute.

Defendant then proved that he went into possession under a lease from Charles Etting, who reserved and continued to occupy one room for an office; that said Etting died on the 25th day of June, 1880; that on said day, after his death, defendant met plaintiff in said office and asked him who would now be his landlord, to which plaintiff replied that he believed he would, because he would be entitled to the property, claiming to be a relative of said Etting; and that thereupon defendant made the agreement referred to and paid rent thereunder until notified by Mansfield that he owned the premises and that plaintiff had no interest therein nor right to possession thereof.

He then offered evidence tending to prove that Charles Etting went in under John Etting, his father, and occupied the portion of the premises in controversy until he sublet them to the defendant as above stated, and the room reserved until his death—that in 1854, while so in possession, Henry Mansfield obtained a deed of conveyance of the house and lot from said John Etting and thereupon made an arrangement with said Charles by which the latter, who was a poor person, was to retain the possession during his life or at the will of said Mansfield—that this arrangement was continued by mutual agreement of the parties until the death of said Charles—that Mansfield had never consented to the agreement between plaintiff and defendant—that he had paid all the taxes assessed upon the premises since he received the deed referred to, and that plaintiff never had any right of possession nor color of title to the premises; but the court excluded all the evidence so offered, including the deed, found the issue for the plaintiff and rendered judgment thereon—to all of which exception was duly taken.

The argument in support of this finding and judgment is embraced in the familiar rule that a tenant can not deny his landlord's title; but this begs the whole question in the case, which is, whether in the sense of this rule plaintiff was the landlord of defendant.

Petterson v. Sweet.

A parol agreement to pay rent is *prima facie* evidence of the relation of landlord and tenant between the parties, but it may be overcome.  In this case, having no seal it did not of itself import a consideration, and if he who was to receive the rent neither gave possession nor was able of right to withhold or take it from him who was to pay there was none in fact, and so the agreement was void.  Cornish v. Scurell, 8 Barn. & Cress. 471; Claridge v. McKinzie, 4 M. & G. 142; Evans v. Bidwell, 76 Pa. St. 497; Fuller v. Sweet, 30 Mich. 237.

In addition to a total want of consideration, it is manifest that in making this agreement defendant had no fraudulent purpose against the plaintiff, nor did he thereby induce any change of position on his part.  Neither was he guilty of any fault or laches on his own.  Anderson v. Smith, 63 Ill. 127; Glum v. Rise, 6 Watts, 44.  His only weakness was credulity, and for that the plaintiff was himself too much to blame to be permitted to take advantage of it.  Livingstone v. Strong, Chicago Legal News of April 7, 1883.  Upon principle, then, he should not be estopped by it from showing that he made it under a misapprehension of plaintiff's relation to the title, and that another was really his landlord and had a right to the rent.  Chandler v. White, 84 Ill. 436; Flower v. Elwood, 66 Ill. 447; Davidson v. Young, 38 Id. 152.

And so, upon authority, a tenant in possession is not estopped by his parol agreement to pay rent, or by his actual payment of it, to another not in privity with his lessor, nor having any interest in the premises, under the belief that he is the proper person to receive it, to deny the latter's title. Some of the cases have already been cited.  Many others in England will be found referred to and approved in Gregory v. Doidge, 3 Bing. 473, and Jew v. Wood, Craig & P. 185. See also Jackson v. Cuerdon, 2 Johns. Cas. 353; Schultz v. Elliott, 30 Tenn. 182; Franklin v. Medira, 35 Cal. 558.  Still others are cited in the brief of counsel for appellant, to which we do not deem it important more particularly to refer.

Our own Supreme Court has said that while a tenant can not affect his landlord's interest by accepting a lease from

another, he may, by accepting two leases of the same premises for the same time, estop himself from denying the title of either. Bailey v. Moore, *supra;* Carter v. Marshall, 72 Ill. 609; Cox v. Cunningham, 77 Id. 547. It seems, however, from these cases, that this would be true as to the second lessor only where the tenant accepted his lease with knowledge that his title was adverse to that of the first, and agreed to hold under it as such. And an exception to the rule is certainly recognized where the tenant already in possession under the first accepts the second under the belief—through mistake, artifice or fraud—that the second lessor is privy in title with the first. Cox v. Cunningham, *supra;* Anderson v. Smith, 63 Ill. 127.

Here, as is evident from the account given by the plaintiff himself, the defendant did not intend to attorn to the holder of a title adverse to that of his original lessor. The latter was just dead, and the tenant, not knowing who was the successor to his title, inquired of plaintiff. That was a question he could not solve by examination of the record, as in the case of Dunbar v. Bonesteel, 3 Scam. 32. Plaintiff knew he was seeking the present holder of the same title. If he, the plaintiff, was not, he must have known that he was not, and his statement that he was must have been a willful misrepresentation with purpose to secure an obligation from the defendant into which he knew the latter would not otherwise have entered. That was fraudulent on his part, and if the Supreme Court holds proof of fraud essential to take the case out of the operation of the general rule, the evidence offered and excluded tended to show it. The evidence was therefore competent and its exclusion error. The deed was proper in connection with the other proof, as tending to show that Charles Etting was justified in attorning to Mansfield who by the deed was shown to be in privity with the title under which he originally entered.

For the error of the circuit court in excluding the evidence offered, its judgment is reversed and the cause remanded for further proceedings in conformity herewith.

*Reversed and remanded.*