(57 App. Div. 202.)

## SCHWARTZ v. BRUCATO.

(Supreme Court, Appellate Division, Second Department.　January 31, 1901.)

LANDLORD AND TENANT—ABANDONMENT—RELETTING—BENEFIT OF POSSESSION —LIABILITY OF TENANT.

> Defendant's lease for a term ending May 1st contained a condition that, if the premises became vacant during the term, the landlord might relet them as agent of the tenant, and the rent so received should apply on the rent due, the tenant to remain liable for any deficiency. On January 28th defendant abandoned the premises, and on March 2d plaintiff began painting and papering the property for a new tenant, who entered April 13th, on an agreement that his term should begin May 1st, and that he should occupy the premises free until that date. *Held*, that plaintiff was entitled to recover rent from defendant until April 13th, but not subsequent thereto.

Appeal from municipal court, borough of Brooklyn, Fifth district.

Action by Evangeline Schwartz against Nellie Brucato. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Thomas C. T. Crain, for appellant.

W. Russell Osborn, for respondent.

GOODRICH, P. J. The defendant was tenant of premises under a lease the term of which ended on May 1st, rent payable in advance. She left the premises on January 28th, and sent the key to the landlord by a messenger, whom the plaintiff instructed to tell the defendant that he declined to accept the surrender, but would take the key in order to show the premises to any intending tenants. There was evidence as to the condition of the premises from which the court might have held that the defendant was justified in abandoning them. On the other hand, the court could have found that the abandonment was unjustifiable, and the burden in this respect was on the defendant to show justification. The judgment is upon the theory that there was no justification for the surrender of possession. The lease contained a covenant that, if the premises became vacant during the term, the landlord might re-enter and relet them as the agent of the tenant, receiving the rent, and applying any rent received to the expense of re-entering and then to the payment of rent due, the tenant remaining liable for any deficiency. The premises remained unoccupied, and the landlord exercised no act inconsistent with his right, under the covenant of the lease, to take possession of the premises when they became vacant by the defendant's leaving them. On March 2d he began some repairs of painting, papering, and plumbing. This was because in the last week of February he made an arrangement to lease the premises to a new tenant, Mr. Patterson, for a term beginning May 1st, under which the latter entered upon the premises on April 13th, occupying them free of rent until May 1st. By the judgment the court has found that there was no agreement on the part of the landlord accepting the surrender of the premises. The question, therefore, is whether any subsequent acts on his part are to militate against his right to recover rent. The rent being payable in advance

on the 1st day of the month, the defendant was bound to pay the February rent, and also the March rent, prior to March 2d, on which day the landlord began making repairs. MacKellar v. Sigler, 47 How. Prac. 20. The plaintiff, however, cannot have judgment for the rent after April 13th, when Mr. Patterson went into possession. Evidently it was an inducement to or a condition of the lease to Mr. Patterson that he should have the right to occupy the premises from April 13th to May 1st free of rent, but the plaintiff had the benefit of this possession, and exercised dominion over the premises during that period.

The judgment must be modified by deducting $17/30$ of a month's rent, and, as modified, affirmed, without costs of this appeal to either party. All concur.