DAVID G. LEGGET, Respondent, *v.* FLORENCE E. PELLE-
TREAU, Individually and as Administratrix of the Estate
of VENNETTE F. PELLETREAU, Deceased, Appellant.

**Executors and administrators — when administratrix liable for
rent under lease made by her decedent.**

1. The personal representative of a decedent as such is liable
for rent accruing upon a lease made by the decedent, and where such
representative takes and retains possession of the premises he is also
personally liable therefor.

2. In an action for such rent against a defendant personally and
in a representative capacity, the requirements of section 1815 of the
Code of Civil Procedure are complied with in case the judgment
distinctly shows the capacity in which the defendant is adjudged
liable.

*Legget* v. *Pelletreau*, 156 App. Div. 919, affirmed.

(Argued November 19, 1914; decided December 18. 1914.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered May 6, 1913, affirming a judgment in favor of
plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Thomas P. McKenna* and *Frank J. Ryan* for appel-
lant. The judgment must be reversed because it is not
in conformity with the provisions of the Code of Civil
Procedure. (Code Civ. Pro. § 1815.)

*William H. Good* for respondent. The liability against
the defendant, Florence E. Pelletreau, in her individual
capacity was fully pleaded, properly proven and legally
found. (2 McAdam on Landl. & Ten. [4th ed.] 886–889;
*Howard* v. *Heinerschit*, 16 Hun, 177; *Martin* v. *Black*,
9 Paige, 641; Taylor on Landl. & Ten. § 699; *Matter
of Galloway*, 21 Wend. 32; *Miller* v. *Knox*, 48 N. Y. 232;
*Matter of Otis*, 101 N. Y. 580; *Oliver* v. *Moore*, 25 N. Y.

S. R. 37; Schouler on Exrs. [3d ed.] 465, § 375; *Woodruff* v. *Erie Ry. Co.*, 93 N. Y. 609; *People* v. *National Trust Co.*, 82 N. Y. 283; *Stokes* v. *Hoffman House*, 167 N. Y. 554; *People* v. *German Bank*, 166 App. Div. 231.) The judgment as rendered is proper in form and substance. (Code Civ. Pro. § 1815.)

COLLIN, J. The judgment here holds Florence E. Pelletreau as an individual and Florence E. Pelletreau as administratrix of the estate of Vennette F. Pelletreau, deceased, liable for the sum of rent accruing upon a lease of real estate between the plaintiff as lessor and the deceased as lessee, subsequent to the death of the lessee. The appellants assert that it is erroneous as to Florence E. Pelletreau as an individual, because no right of recovery against her was established by the findings.

A finding is: "The defendant, Florence E. Pelletreau, took possession of the said lease and also took possession of the premises under said lease and has continued in the actual possession and occupation of said premises under said lease from the date of her said appointment down to the commencement of this action." Under the authorities, such fact made her personally liable for the rent accruing under the covenants of the lease during the period named. (*Miller* v. *Knox*, 48 N. Y. 232; *Howard* v. *Heinerschit*, 16 Hun, 177.) She as administratrix was liable for the rent because as administratrix she was bound by those covenants whether or not she waived the unexpired part of the term.

The appellants assert also that the judgment is erroneous because it contravenes section 1815 of the Code of Civil Procedure, which is:

"An action may be brought against an executor or administrator, personally, and also in his representative capacity, in either of the following cases:

" 1. Where the complaint sets forth a cause of action against him in both capacities, or states facts, which ren-

der it uncertain, in which capacity the cause of action exists against him.

"2. Where the complaint sets forth two or more causes of action against the defendant, in different capacities, all of which grow out of the same transaction, or transactions connected with the same subject of action; do not require different places or modes of trial; and are not inconsistent with each other.

"In a case specified in this section, a judgment for the plaintiff for a sum of money must distinctly show, whether it is awarded against the defendant personally, or in his representative capacity."

The appellants argue that the last sentence of the section forbids, through implication, the awarding of one and the same judgment against the defendant personally *and* in her representative capacity.

The section is obeyed in case the judgment distinctly shows or expresses the capacity or capacities in which the defendant is adjudged liable. An action within the section does not merge the personal capacity or entity of the defendant with her representative capacity or entity. The liability of the individual remains as independent of that of the representative as if they were different persons. As against the one, the judgment is *de bonis propriis;* as against the other *de bonis testatoris.* It is necessary that it should distinctly show whom of the individual and the representative it obligated.

The section makes provision for three classes of actions against a person as an individual and as a representative. The one, where the complaint sets forth a cause of action against him in both capacities. The judgment therein may be against the individual and, also, against the representative or against the individual only or the representative only. An adjudication that the plaintiff recover of the defendant a stated sum could not be enforced; hence the provision that the judgment must show each capacity or entity it obligates. The final sentence of the

section was intended, not to prohibit a judgment against the individual and, also, against the representative, but to secure the express designation therein of any judgment debtor. The present action is within this class and the judgment is in the prescribed form. Another class is where the complaint states facts, which render it uncertain, in which capacity of the defendant the cause of action exists against him. The application of the final sentence to this class is obvious. The third class is defined in subdivision 2 of the section. What we have said in regard to the first class is applicable to this class.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; WERNER, J., not voting.

Judgment affirmed.