(173 App. Div. 645)

## BEATTY v. ROSENBERG.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. TRIAL ⊂⊃139(1)—SUBMISSION OF CASE TO JURY.
   The trial court should have submitted a question of fact to the jury, if there was any evidence in the case which justified a finding in behalf of plaintiff, which it would not have been the duty of the court to set aside as against the evidence.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338-341; Dec. Dig. ⊂⊃139(1).]

2. EXECUTORS AND ADMINISTRATORS ⊂⊃134—ASSUMING DECEDENT'S LEASE.
   An administrator, who went to the apartment of deceased twice, first, to ascertain what personal property decedent had left and to look after papers relating to the estate, and, second, with the transfer tax appraiser to take an inventory and appraisal, the widow occupying the premises by common consent, the administrator permitting her to use decedent's furniture, did not take possession of the premises under decedent's lease and continue in possession thereunder.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 550; Dec. Dig. ⊂⊃134.]

3. EXECUTORS AND ADMINISTRATORS ⊂⊃134—DISAVOWAL OF LEASE.
   An administrator is not bound to do any affirmative act to surrender or disavow the decedent's lease.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 550; Dec. Dig. ⊂⊃134.]

4. APPEAL AND ERROR ⊂⊃1061(4)—HARMLESS ERROR.
   In a landlord's action against his deceased tenant's administrator, though there was evidence that the administrator continued in possession of the premises and adopted the lease, sufficient to go to the jury, error in denying plaintiff's motion to go to the jury *held* harmless, in view of the evidence, and of a previous verdict for defendant.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4211; Dec. Dig. ⊂⊃1061(4).]

   Dowling and Davis, JJ., dissenting.

Appeal from Appellate Term, First Department.

Action by Robert A. Beatty against Gustav L. Rosenberg, otherwise known as Gus L. Rosenberg, individually and as administrator, etc. From a determination of the Appellate Term, affirming a judgment of the City Court for defendant, and an order denying plaintiff's motion for new trial, plaintiff appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

Stanley Holcomb Molleson, of New York City, for appellant.
John B. Doyle, of New York City, for respondent.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SCOTT, J. The nature of the action and its history down to the present time have been fully stated by Mr. Justice DAVIS, and it will be unnecessary to repeat them in detail.

[1] The crucial question of fact, asserted by plaintiff and denied by the defendant, is whether or not defendant, who was the administrator of his deceased brother, the tenant, after his brother's death entered upon and took possession of the premises under the lease, and continued to hold them, not only for the term of the lease, but for a period of time after the lease had expired. It appears probable that the more important part of this question is whether or not defendant held over after the expiration of the term. One jury had found that defendant did not enter upon and take possession of the lease, and, of course, if he did not, he could not have held over. A justice of the City Court, sitting as a trier of the fact, has arrived at the same conclusion. We are now asked to send the case back for yet a third trial, because the justice who presided at the second trial should have submitted the question to the jury. There is no doubt that he should have so submitted it, if there had been any evidence in the case which would have justified a finding in behalf of plaintiff which it would not have been the instant duty of the court to set aside as against the evidence.

[2, 3] The whole controversy turns upon the question whether or not defendant took possession under the lease and continued in possession thereunder. Legget v. Pelletreau, 213 N. Y. 237, 107 N. E. 509. In our opinion it is quite clear that he did not. It is true that he demanded admission to the apartment, and that he went there twice; but it is evident that his purpose in so doing was to ascertain what personal property decedent had left, and to look for papers relating to the estate. The second visit was with the transfer tax appraiser, and was apparently for the purpose of making an inventory and appraisal. These visits were within his right and duty as administrator, and cannot properly be construed as an adoption of the lease. He was not bound to do any affirmative act to surrender or disavow the lease. The actual occupant of the premises during the period for which it is sought to hold defendant personally was the widow of the decedent. There is nothing to indicate that defendant put her into possession, or kept her there. She appears to have remained by common consent. Defendant, as administrator, apparently permitted her to use the furniture belonging to the estate; but this falls far short of a personal assumption of her tenancy. As to the period after the lease expired, there is not a scintilla of evidence upon which to hold the defendant.

[4] While we agree with Mr. Justice DAVIS that plaintiff was not too late in his motion to go to the jury, and that the court erred in denying his motion to that effect, we think, for the reasons above outlined, that the error was harmless.

The determination appealed from should be affirmed, with costs.

CLARKE, P. J., and McLAUGHLIN, J., concur.

DAVIS, J. (dissenting). This action was brought in the City Court of New York against the defendant individually and as administrator of Julius L. Rosenberg to recover rent due for a flat in premises No. 509 West 112th street, New York, for the period from October, 1913, to February, 1915, amounting to $765, less $50 paid on account. Defendant's intestate entered upon the premises in question under a written lease made by the plaintiff as landlord for a term of one year, beginning October 1, 1913, at an annual rental of $540, payable in equal monthly installments in advance on the 1st of each month. The lessee, Julius L. Rosenberg, died November 7, 1913, without having paid any rent for these premises. The defendant was appointed administrator of the deceased, receiving his letters November 29, 1913, and the complaint alleges that thereupon the defendant entered upon and took possession of the premises under the lease, and remained in actual possession and occupation under the lease down to and including October 1, 1914, and thereafter continued to remain in possession and occupancy of the premises from October 1, 1914, down to the beginning of this action, and that the defendant thereby elected to continue in his tenancy for a term of another year from October 1, 1914, upon the same terms and rental as specified in the written lease. All of the allegations are denied in the answer.

The plaintiff recovered a judgment for $537.07 upon a verdict directed against defendant as administrator for the rent of the demised premises during the term of the lease; that is, from October 1, 1913, to October 1, 1914. At this same trial the court required the jury to answer the question whether the defendant took possession of the intestate's apartment between November 1, 1913, and the 30th of September, 1914. The jury having answered in the negative, the court thereupon directed a verdict against the plaintiff in favor of the defendant individually. But upon the plaintiff's motion this latter verdict was set aside and a new trial granted, the court having concluded that the finding of the jury was against the weight of evidence. From the order setting aside the verdict, the defendant appealed individually to the Appellate Term. The order was affirmed, and in due time a new trial was had of the issues between the plaintiff and defendant individually, and resulted in the direction of a verdict for the defendant individually against the plaintiff. Judgment was thereupon entered November 24, 1915, in favor of the plaintiff, and against the defendant as administrator for $537.07 on the verdict directed by the judge who presided at the first trial, and in favor of the defendant individually for the sum of $125.70 costs on the verdict directed at the second trial. Thereafter the plaintiff appealed to the Appellate Term from that portion of the judgment in favor of the defendant individually. The judgment was affirmed, with costs, and the plaintiff by permission now appeals to this court from the determination of the Appellate Term.

Throughout the trial the plaintiff contended, and submitted evidence to support his contention, that the defendant entered into possession of the premises leased to his intestate, and thereafter held over beyond the term of the lease, and thus became liable personally for the rent

falling due thereunder. Legget v. Pelletreau, 213 N. Y. 237, 107 N. E. 509; McAdam, Landlord & Tenant (4th Ed.) p. 261. At the close of the trial there was a strongly contested issue of fact before the court as to whether or not the defendant had entered upon and taken possession of the premises in December, 1913, and continued in occupation under the lease down to October 1, 1914, and whether or not thereafter the defendant remained in possession down to the time of the beginning of this action. It is unnecessary to refer in detail to the evidence in support of and against the plaintiff's claim. It is sufficient to say that the issue was material, and there was enough evidence to carry the case to the jury. At the close of the trial both sides moved for the direction of a verdict; the plaintiff, in the event of the denial of his motion, reserving the right to move to go to the jury upon the issues mentioned above.

It appears from the record of the trial that the learned trial judge took the view that, the plaintiff and defendant having both moved for the direction of a verdict, neither party, in the event of the denial of his motion, could be allowed to go to the jury upon any question. Although the record is somewhat fragmentary as to the special issue upon which plaintiff asked to go to the jury, this condition was not due to the plaintiff's fault, but rather to the strongly held opinion of the court that, both sides having moved for a direction, all the issues of fact, as well as of law, were left to his final decision, and that thereafter neither party had the right to go to the jury upon any issue in the case. It is quite clear from the record that the plaintiff's motion for a direction was denied, and that thereafter he asked to go to the jury on a specified issue, and this request was denied. In view of the state of the evidence, we think the court should have granted the request of the plaintiff to have the jury decide the question of fact raised by the pleadings and the evidence as to whether or not the defendant went into possession of the premises and continued therein down to October 1, 1914. Kinner v. Whipple, 198 N. Y. 585, 92 N. E. 1088; Id., 128 App. Div. 736-742, 113 N. Y. Supp. 337.

Under the circumstances, the determination of the Appellate Term and the judgment of the City Court should be reversed, and a new trial granted, with costs to appellant in all courts to abide the event.

DOWLING, J., concurs.