ANGELO BONSIGNORE, Plaintiff, *v.* ISAAC KOONDEL, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, June 20, 1929.

*Michael Halperin*, for the plaintiff.

*Weinberg & Weinberg*, for the defendant.

CHILVERS, J. The defendant occupied an apartment as tenant of the plaintiff under a written lease for one year, expiring August 31, 1926. On the expiration of the term he remained in possession for three months and then moved out. The landlord elected to hold the defendant as tenant for another year, and, when the latter moved out, he made efforts to relet the premises under the provision in the lease that in case of tenant's default he might relet them for account of the tenant for the remainder of the term at the best rent obtainable. After two months he did give a lease to another person for one year at a lower rental, which was the best that he could get. The plaintiff has had judgment for the two months and the deficiency under the new lease.

The defendant now moves to vacate the judgment, first, on the ground that the complaint was defective in that it did not state that these premises were exempt from the operation of the Emergency Rent Laws and that consequently the holding over by the tenant gave the landlord, as at common law, the right to hold him as a tenant for another year. If this were a summary proceeding to dispossess, the petition would have to make this averment or it would be fatally defective (*1900 Seventh Avenue Co-operative Corp.* v. *Edwards*, 133 Misc. 831), but in an action for rent there is no necessity for anticipatory pleading, and the defense need not be alleged in the complaint.

The other point by the defendant is well taken. A reletting by a landlord after abandonment by the tenant works a surrender and acceptance by operation of law, in the absence of consent to such reletting. (*Gray* v. *Kaufman Dairy & Ice Cream Co.*, 162 N. Y. 388.) In the case at bar such consent is contained in the provision of the lease that has been mentioned, giving the landlord

the right to relet for the remainder of the term. But the consent is valid only if the landlord acts within the limits prescribed by it. If he goes beyond them, he must be presumed to have acted, not under the authority of the consent, but on his own account, for a violation will not be presumed. Here he gave a new lease to a stranger for a whole year, when the tenant's term had only seven months to run. He, therefore, accepted the surrender. (See *Friedlander* v. *Citron*, 129 N. Y. Supp. 427.)

The plaintiff is entitled to the rent for the two months preceding the giving of the new lease and to no more, and the judgment should be modified accordingly.

Settle order on notice.