In the Matter of the Estate of HENRY GOLDBURG, Deceased.

Surrogate's Court, Bronx County, July 26, 1933.

*Rubin & Brown*, for the executrix.

*Eliodore J. Picarello*, for the claimant.

*Nathan Sater*, special guardian.

HENDERSON, S.   The special guardian for the testator's infant daughter, who is the sole beneficiary and remainderman of the residuary trust terminating upon her reaching a specified age, has filed objections to the account of the executrix.   The construction of the bequest to the widow disposes of one of his two objections to her account.   The testamentary gift of " stocks and bonds owned by me, to the value of   *   *   *   $15,000.00," is a demonstrative legacy and the income thereon during the period of administration does not belong to the legatee.   It is not a specific legacy as contended by the special guardian.   (*Crawford* v. *McCarthy*, 159 N. Y. 514, 519; *Matter of Liell*, 139 Misc. 513.)

The filed stipulation as to the total dividends attempts to satisfy the special guardian's second objection, but it omits the details necessary for a complete adjudication as to his first objection. The executrix and the special guardian may stipulate with reference to the value of each stock and bond on February 23, 1932, and the date of accrual and receipt of each dividend and item of interest thereon. If they cannot agree upon one or more of the necessary facts, either may restore the matter to the calendar on three days' notice for the sole purpose of submitting evidence as to any disputed item or items thereof.

The only other objections to the account were filed by an alleged creditor whose claim was rejected. The first item refers to the partial distribution of the estate. The questioned distribution was made on January 31, 1933, and the account was filed on February 24, 1933. On July 10, 1931, the objectant served his proof of claim for alleged rent accrued to that date under an unexpired lease executed by the decedent. On March 7, 1933, he filed an amended proof of claim for all damages sustained by the alleged breach of such lease which had theretofore terminated. Before the executrix distributed the assets, she had actual knowledge of such claim and the possible increase of the amount claimed by reason of the nature of the claim. The distribution was, therefore, made at the risk of personal liability attaching to the executrix individually. This objection is sustained.

The claimant's second objection concerns the rejection and non-payment of his claim. The claimant is the administrator of the estate of the deceased owner of a two-family house in which the decedent had occupied an apartment and a garage for several years under leases made with such owner who died intestate on September 14, 1928. On October 1, 1930, and while in possession of the premises under the last of such leases, the decedent entered into a written lease of the same premises with the administrator for a term of two years from October 1, 1930, at a yearly rental of $1,920, payable in equal monthly installments of $160 each, in advance on the first of each month. The decedent continued his possession and paid all the installments up to his death on May 17, 1931. His widow remained in the premises until June 29, 1931, when she moved out. Letters testamentary were issued to her on July 8, 1931.

The executrix contends that the administrator had no title to the premises when he entered into the lease with her testator and never has had title thereto; that his intestate left heirs to whom the title descended; that as administrator he had no right or authority to deal with his intestate's realty without the permission

of this court, by which his letters of administration were granted; that he never obtained nor sought such permission; that the lease is void; that it was entered into by mistake and her testator was induced to execute it by the misrepresentation of the administrator's rights and title, and that she is thereby not estopped from denying the administrator's title and from showing such mistake.

There is some authority for her contention (*Jones* v. *Reilly*, 174 N. Y. 97, 107; *People ex rel. Ainslee* v. *Howlett*, 76 id. 574, 580; *Ingraham* v. *Baldwin*, 9 id. 45, 47; *Jackson ex dem. Shaw* v. *Spear*, 7 Wend. 400; *Jackson* v. *Cuerden*, 2 Johns. Cas. 353; *Union Ferry Co.* v. *Fairchild*, 106 Misc. 324, 331; revd., on other grounds, 191 App. Div. 639; *Bauman* v. *Goldthorpe*, 129 id. 19; Surr. Ct. Act, art. 13, as effective on Sept. 14, 1928), and it might have merit were it not for the fact that the administrator was then also the general guardian of two of the four children and only heirs at law of the former owner. His guardianship of the other two heirs had been terminated by each arriving at majority. The landlord had certain rights and duties in the premises as general guardian of two of the owners and was entitled to manage and control the realty as such guardian in their behalf. He was assisted in in such management by one of his former wards and by the older infant. The mistake as to the particular representative character of the landlord, in the absence of fraud or intentional misrepresentation, is insufficient to justify its consideration as an exception to that rule of estoppel which prevents a tenant and his representatives from impeaching his landlord's title.

The executrix also contends that there was a surrender and acceptance which defeat the claim.

On August 22, 1931, the claimant entered into a lease for the same premises with a third party at a monthly rental of $145 for the term of two years from September 15, 1931, which provided for free occupancy by the new tenant until October 15, 1931, and contained an agreement by the landlord to " have the apartment available for occupancy on or before Sept. 15, 1931." There is no evidence that the new tenant took possession prior to that date.

The lease between the claimant and the decedent contained in the printed portion thereof an agreement that if the demised premises became vacant at any time during its term, the claimant " may re-enter the same    *    *    *    and may re-let the said premises as the agent for account of the " decedent who was to remain liable for any deficiency. The claimant contends that this agreement is equivalent to a consent to his leasing the premises to a new tenant for a period beyond the term specified in the lease. He testified that he did not ask the executrix for such a consent.

The lease contains no express consent to that effect and the language of the particular agreement is inconsistent with a construction thereof that would imply such consent. The decedent had an interest in said premises which terminated, under the provisions of his lease, on October 1, 1932, nearly one year prior to the termination of the claimant's lease with the new tenant. Neither the decedent nor his legal representative could have sublet the premises beyond October 1, 1932. Hence the claimant could not relet the premises " as agent " of the decedent or " for the account " of the latter for a term extending beyond that date. The decedent could have agreed to a merger of the interests, but he did not so consent. The only consent of the decedent or his legal representative to a reletting by the claimant is contained in the above-quoted portion of the lease. It does not contain any consent to a reletting beyond the term of the lease or to any free occupancy by a new tenant. The new letting was made with the acquiescence and assistance of one of the two adult cotenants. In executing the new lease the claimant exceeded the specific authority given him by the decedent, assumed ownership in hostility to the continuing rights of the decedent's estate, and recognized a surrender of the premises.

I find that there was a surrender of the lease and the premises by the decedent's estate and an acceptance thereof by the claimant. (*Gray* v. *Kaufman Dairy & I. C. Co.*, 162 N. Y. 388, 395, 398; *Brill* v. *Friedhoff*, 192 App. Div. 802, 812; *Schwartz* v. *Brucato*, 57 id. 202; *Bonsignore* v. *Koondel*, 134 Misc. 344.) The estate, however, is liable for the unpaid rent from June 1, 1931, to September 15, 1931, amounting to the sum of $560. The claimant has conceded the validity of the estate's counterclaim for $65 on account of a mechanical refrigerator and an oil bill. The claim is, therefore, allowed in the sum of $495, with interest thereon from July 23, 1931.

The executrix will be surcharged in the sum by which the balance shown by her account is insufficient to comply with the directions for payment that may be contained in the decree settling her account.

Settle decree in accordance herewith and with the facts to be established, as above noted, by stipulation or upon a subsequent hearing.