In the Matter of the Estate of WILLIAM EDWARD ADAMS, Deceased.

Surrogate's Court, New York County, September 14, 1933.

*William Harvey Smith*, for the accounting executrix.

*M. S. & I. S. Isaacs*, for the claimant.

*Alice Dillingham*, special guardian.

DELEHANTY, S. The objection to the non-inclusion of the proceeds of an insurance policy on the life of deceased is sustained and executrix is surcharged with the amount received by her ($2,666.83), with interest from the date of payment to her.

Executrix is also surcharged with the sum of $500, representing

the bond of Rice Chocolate Company not collected by her. Her sole reason for non-collection is given as lack of funds to enable prosecution of the claim for the bond. That reason is invalid since the insurance moneys in executrix's possession are the property of the estate.

No showing has been made that executrix could have released the other securities held as collateral as stated in Schedule A. The objection based on failure to recover these securities is overruled.

On the hearing all objections to payments of funeral expenses and physician's charges were withdrawn.

The personal claim of executrix is allowed in the principal sum of $5,000, with interest from July 1, 1931, but less $100, paid on account of interest.

The claim of 37 Riverside Drive, Inc., is allowed in the principal amount of $1,688.72. This amount is arrived at by charging the estate with all accruals of rent for the period from November 1, 1931, to and including June, 1932, in which month a new lease was made by claimant for a term extending beyond the term of deceased. The court holds it to have been established in fact that the making of such new lease was not for the account of deceased, but solely for the account of claimant and constituted an acceptance by claimant of the surrender of the premises. (*Brill* v. *Friedhoff*, 192 App. Div. 802; *Dasanat Realty Corporation* v. *Murray*, 138 Misc. 492; *Bonsignore* v. *Koondel*, 134 id. 344; *Gray* v. *Kaufman, etc., Co.*, 162 N. Y. 388.) Credit against this aggregate of eight months' rental is allowed the estate in the sum of $78, the net amount received from executrix under the judgment against her for the rent accruing during her personal occupancy in the same period. Interest may be computed upon the rental installments allowed and will be added to the principal when the decree is signed. The expense of fitting up the apartment for the new tenant is not allowed since this was for claimant's own account, as the court has found.

The estate cannot escape liability to the extent indicated because of claimant's proceedings against executrix personally (*Legget* v. *Pelletreau*, 213 N. Y. 237), nor because claimant harshly refused the offer of executrix to occupy the apartment at a rental she could afford to pay, reserving to claimant the right to enforce against the estate liability for the balance of the reserved rent. (*Sancourt Realty Corp.* v. *Dowling*, 220 App. Div. 660.)

On the proof it is evident that executrix may obtain for the estate a residue of substantial amount of a fund now under jurisdiction of the Orphans Court in Philadelphia. The determination here made fixes the status of this estate and enables executrix to make and file the affidavit required by the Orphans Court before

making final its determination respecting the fund. Executrix is directed to take appropriate steps to complete the proceedings in the foreign jurisdiction, and a clause in the decree to be entered may so provide. The decree may further provide for further account by executrix within thirty days after this fund is received by her and, in any event, within such time as the parties may agree is sufficient to permit completion of the foreign proceedings if diligently pressed.

Proceed accordingly.