## In re KERR et al.
### No. 68222.

District Court, S. D. New York.

July 28, 1939.

George J. Beldock, of New York City, for trustee.

O'Connor & Farber, of New York City (Stephen V. Ryan, Jr., of New York City, of counsel), for landlord.

GODDARD, District Judge.

Petition for review of an order of the Referee allowing the claim of the Garment Center Capitol, Inc., against the estate of the bankrupts to rent in the amount of $3,622.57. The trustee objects to the allowance of the claim in this amount but concedes that the claimant has a claim for $689.42. The facts sufficient for determining the question now presented are as follows:

The bankrupts were tenants of the Garment Center Capitol, Inc., occupying a floor in a business building at 512 Seventh Avenue, New York City, under a lease for a term of two years commencing February 1, 1937 and ending January 30, 1939 at the annual rent of $5,820 payable $485 monthly in advance. The bankrupts paid the rent for two months but the rent due April 1, 1937 was not paid and on April 7th they made an assignment for the benefit of creditors; on May 13th an involuntary petition in bankruptcy was filed which was followed on June 2d by an adjudication; on May 6th the landlord entered into a new lease of the premises in its own name with Tutbury, Inc., for a term ending January 30, 1941—that is two years beyond the term of the bankrupts' lease. The lease with Tutbury, Inc., provided that they were to have free rent from May 15 to August 1, 1937 and that the rent from August 1, 1937 to January 30, 1938 was to be at the rate of $2,875 per annum, and from February 1, 1938 to January 30, 1941 at the rate of $5,750 per annum. The pertinent part of paragraph Sixth of the bankrupts' lease reads "In any such case (default in the payment of rent) * * * the Landlord may, at the Landlord's option, and in the name of the Landlord or otherwise, relet the demised premises or any part or parts thereof, as the agent of the Tenant or otherwise, for the whole or any part of the term from time to time as it may deem best".

It is stipulated that the landlord did not give the bankrupts any notice of the termination of the lease or notice of reentry by the landlord, or notice of reletting the premises to Tutbury, Inc., and that no other agreement was entered into between them except the lease referred to above.

The trustee contends that any obligation of the bankrupts under their lease with Garment Center Capitol, Inc., was terminated by the new lease entered into by the landlord with Tutbury, Inc., for a term extending beyond the term of the bankrupts' lease; that this assertion of dominion over the premises by the landlord constituted an act of acceptance of the bankrupts' surrender and relieved the bankrupts of its obligations, and that at the time of the bankruptcy, either when the petition was filed on May 13, 1937 or on the day of the adjudication, June 2, 1937, the bankrupts were not obligated on the lease because of the surrender, and therefore the landlord has no claim against the bankrupts' estate except for the unpaid rent amounting to $689.42 which accrued prior to the surrender and acceptance of the lease.

The contention of the landlord is that under paragraph Sixth quoted above it was authorized to enter into a lease extending beyond the term of the bankrupts' lease. The landlord relies upon the portion of paragraph Sixth in the bankrupts' lease, which says that in case of default in payment of rent the landlord may, at its option "in the name of the Landlord or otherwise relet the demised premises or any part or parts thereof, as agent of the Tenant or otherwise, for the whole or any part of the term from time to time as it may deem best". (Italics mine.) The landlord and the referee construe "otherwise" to mean that the landlord is thus authorized to make a new lease for any length of time it deems best and to charge the tenant for its damages under the lease for the period up to the expiration of bankrupts' lease—January 30, 1939.

The courts of New York hold that in the absence of an express provision in the lease authorizing the landlord to relet the making of a new lease is an acceptance of surrender of a then existing lease. Gray v. Kaufman Dairy Co., 162 N.Y. 388, 56 N.E. 903, 49 L.R.A. 580, 76 Am.St.Rep. 327. It is clear that under paragraph Sixth the landlord was given the right to relet for the balance of the term either as agent for the tenant or in its own name and hold the tenant for the difference between the rent reserved in the bankrupts' lease and the rent paid by the new tenant. However, in the case at bar the landlord entered into a lease extending beyond the term of the bankrupts' lease. In making such a lease the New York courts say that the landlord will be presumed to be acting for his own account and to have recognized a surrender of the premises in the ab-

416

sence of consent to such reletting. Brill v. Friedhoff, 192 App.Div. 802, 183 N.Y.S. 463; Matter of Adams's Estate, 149 Misc. 289, 267 N.Y.S. 910; Matter of Goldburg's Estate, 148 Misc. 607, 266 N.Y.S. 106; Bonsignore v. Koondel, 134 Misc. 344, 235 N.Y.S. 453.

 I do not construe the words "or otherwise" as a consent by the bankrupts to the landlord entering into a lease extending beyond the term of the bankrupts' lease; therefore, when it did so the landlord was acting solely on its own account and recognized a surrender of the bankrupts' lease. It seems to me that the words "or otherwise" simply meant that the landlord might rent the premises in the landlord's own name or as agent for the tenant for the whole or any part or parts of the term.

The referee, in his opinion, says, "I should give effect to the words 'or otherwise' by holding that the legal effect of the lease to Tutbury is a renting for the account of the bankrupts up to the date of the expiration of the landlord's lease to the bankrupts, and a renting in the landlord's own right for the balance of the term of said lease". The referee expresses the view that it would be applying an over-technical and legalistic rule to hold that reletting by the landlord for a term extending two years beyond the term of the bankrupts' lease constituted an act of acceptance of the bankrupts' surrender.

 The bankrupts, I think, may well urge that the meaning or intent of paragraph Sixth cannot fairly be broadened or construed as authorizing the landlord to make a new lease covering the term of the bankrupts' lease and extending two years beyond the bankrupt's term at a yearly rental of $2,875 for the period of August 1, 1937 to January 30, 1938 and at a rental of $5,750 from February 1, 1938 to January 30, 1941; also to allow the new tenant, as an inducement for entering into such a lease, to occupy the premises free from May 1 to August 1, 1937. If the meaning of this paragraph is in doubt, it should, under the familiar rule, be resolved against the landlord who drew the lease.

I follow as the law of the case, and agree with the decision of Judge Clancy who passed upon the previous motion, that the case of City Bank Farmers Trust Company v. Irving Trust Company, 299 U.S.

433, 57 S.Ct. 292, 81 L.Ed. 324, does not apply to the case at bar as the acceptance of surrender took place prior to the bankruptcy proceedings.

 Accordingly the order of the referee is modified by reducing the claim allowed to $689.42, which is the amount of unpaid rent prior to surrender and acceptance of the lease.