## NECKER v. NARDI.

(Supreme Court, Appellate Term. June 7, 1906.)

COURTS—MUNICIPAL COURT—APPEAL—PROCEDURE—NOTICE—FAILURE TO SIGN.
   Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, provides that
   an appeal is taken by serving on the clerk and on the respondent a notice
   of appeal subscribed either by appellant or his attorney. Appellant
   served an unsigned notice on the clerk and on the attorney appearing for
   respondent in the lower court.. *Held*, that as a notice of appeal, to be
   effectual, must be subscribed either by appellant or his attorney and
   served on the clerk and on the respondent, appellant did not bring him-
   self within section 313 (page 1579), providing that where appellant serves
   the notice of appeal either on the clerk or the respondent but omits
   through mistake to serve on the other, the court has power to enlarge
   the time for bringing an appeal, and the appellate court had no right
   to permit appellant to subscribe the notice of appeal.

Action by William Necker against Pasquale Nardi. There was a
judgment for plaintiff, and defendant appeals. Heard on motion of
defendant to supply an omission in the record. Motion denied, and
appeal dismissed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL,
JJ.

Huntington, Rhinelander & Seymour, for appellant.
John B. Quintin, for respondent.

PER CURIAM. Upon this case being reached for argument at the
May term of this court, the plaintiff's attorney moved for a dismissal
of the appeal upon the ground that the notice of appeal was not sub-
scribed either by the appellant or by his attorney, as prescribed by
section 311 of the Municipal Court act (Laws 1902, p. 1578, c. 580).
The case was argued, subject to the final disposition of this motion by
the court. Upon examination of the return, it was ascertained that,
so far as appeared by the notice of appeal attached thereto, the motion
was well founded, and the case was returned to the files of the court.

This disposition of the matter was correct, for the reason that, so
far as appeared by the return then before the court, no proper notice
of appeal had been served, and apparently no appeal was pending. The
appellant now makes this motion, and among other things asks "why
leave should not be granted the appellant to supply the omission caused
by failing to sign the notice of appeal herein on the face thereof, by
signing the same or having it signed by his attorneys." The appellate
court can only grant relief to the appellant, under section 313 of the
Municipal Court act, "where the appellant seasonably and in good
faith serves the notice of appeal, either upon the clerk or the respondent,
but omits through mistake, inadvertence or excusable neglect to serve
upon the other or to do any act necessary to perfect the appeal"; but
the court has no power to enlarge the time for bringing an appeal or
to allow an appeal after the time for appealing has expired. Enos v.
Thomas, 5 How. Prac. 361; Sherman v. Wells, 14 How. Prac. 522.

It is not disputed that the so-called notices of appeal were served,
one upon the clerk and one upon the attorney, who, it seems, was the
attorney who appeared for the respondent in the lower court. Neither

of such notices were subscribed either by the appellant or his attorney in the appellate court, as required by section 311 of the Municipal Court act. That section prescribes that:

"An appeal is taken by serving upon the clerk * * * and upon the respondent a written notice of appeal, subscribed either by the appellant or by his attorney in the appellate court."

In this case no notice whatever was ever served upon the respondent, and, as before stated, neither of the notices served were "subscribed." That the Legislature intended to require a subscription to such notice of appeal is clear, as prior to 1882 the section merely required service of a "written notice of appeal" and no actual subscription was required. Gutbrecht v. Pros. Park, etc., 28 Hun, 497. In that year the section was amended, and the notice of appeal, to be valid and effectual, must be "subscribed," etc. The appellant, therefore, does not bring himself within section 313, as he has not served a notice of appeal upon the respondent at all; nor does it appear that the person upon whom service was made for the respondent was in any way authorized to act for him, even if the notice had been properly subscribed, and the notice served upon the clerk was clearly ineffectual to give the appellate court jurisdiction to enable it to relieve the appellant.

Motion denied, and appeal dismissed, with $10 costs.