ROYAL PALACE REALTY COMPANY, Respondent, *v.* GEORGE WHITE, Appellant.

(Supreme Court, Appellate Term, Second Department, September, 1916.)

Judgments — entry of — in action to foreclose chattel mortgage — appeal — trial — verdict — Municipal Court of city of New York — Municipal Court Code, §§ 74, 158.

Upon the trial of an action in the Municipal Court of the city of New York to foreclose a chattel mortgage, the clerk upon a directed verdict entered judgment in the form of a money judgment from which an appeal was immediately taken, and three days after the trial justice signed what purported to be a judgment of foreclosure in conformity with section 74 of the Municipal Court Code; such judgment, however, bore no file mark and was dated three days after the entry of the judgment by the clerk and after the date of the service and filing of the notice of appeal from the judgment entered by the .clerk; what purported to be the judgment of foreclosure was not referred to in the clerk's return on appeal which stated that judgment was rendered on the day that the clerk entered judgment. The decision of the justice dated the day of the entry of judgment by the clerk did not direct him to enter judgment but directed the plaintiff's attorney to submit the form of judgment. On the hearing of the appeal, held, that but for the fact that the return, which specified only that judgment, was approved and allowed by the justice, the judgment entered by him was unauthorized but it must be presumed that the justice gave all directions to the clerk to enter it and was the only judgment in the action.

That the appellate court could not permit the notice of appeal to be amended, under section 158 of the Municipal Court

Code, so as to specify the judgment of foreclosure, as that would in effect be permitting an appeal from that judgment after the time to appeal had expired.

That the judgment of foreclosure was a nullity because the judgment entered by the clerk upon the directed verdict was never vacated and there cannot be two judgments in one action.

That as the judgment entered by the clerk did not conform to section 74 of the Municipal Court Code it must be reversed, it being too late to remit the case to the trial court for the correction of the first error, and a new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, third district, in favor of plaintiff, entered February 21, 1916, in an action to foreclose a chattel mortgage.

Abraham L. Feinstein, for appellant.

Edward E. Rosenblume, for respondent.

BENEDICT, J. This is an action to foreclose a chattel mortgage for $1,000, being the amount of six promissory notes thereby secured, indorsed and delivered to plaintiff by Davis and Wynick Advertising Bureau, Inc. The answer, verified February 14, 1916, and filed on that day, does not deny the making and delivery of notes and chattel mortgage, but denies, in various ways, other allegations of the complaint. It sets up two separate defenses and counterclaims. An amended answer, verified February 17, 1916, appears in the judgment roll; but it is without file mark or proof of service, and an affidavit by defendant's attorney states that plaintiff's attorney refused to receive it, as defendant's time to answer had expired on February fourteenth. The pleadings are written and verified. Upon the trial, on February 21, 1916, before the court with a jury, the court directed a verdict in favor of plaintiff for $1,000 and $25 interest. Judgment, in the

form of a money judgment, was entered by the clerk on the same day for $1,025 principal and interest with $63 costs and disbursements as taxed. Notice of appeal was filed the same day. The justice on February 24, 1916, signed a paper purporting to be a judgment of foreclosure in conformity with section 74, Municipal Court Code, but this paper bears no file mark, and was dated three days after the entry of the judgment by the clerk and after the date of the service and filing of the notice of appeal from the judgment entered on February 21, 1916. It is not referred to in the clerk's return on appeal, which states that judgment was rendered on February 21, 1916. The decision of the justice, dated February twenty-first, did not direct the clerk to enter judgment, but, on the contrary, directed the plaintiff's attorney to submit form of judgment. We should have to conclude, therefore, that the judgment of February twenty-first was unauthorized, but for the fact that the return, which specifies only that judgment, was approved and allowed by the justice, and we must, therefore, presume that he gave oral directions to the clerk, as he might do, to enter it. See *Bien* v. *National Surety Co.,* 95 Misc. Rep. 194; *Collins* v. *Davis,* 114 N. Y. Supp. 792.

The judgment entered by the clerk on February 21, 1916, was, I think, the judgment in the action. At all events it is the only judgment before us for review, for it is the only one specified in the notice of appeal. In my opinion, we could not permit an amendment of the notice of appeal under section 158 of the Municipal Court Code so as to specify the judgment of February twenty-fourth, if it be valid, as that would, in effect, be permitting an appeal from that judgment after the time to appeal had expired. See *Necker* v. *Nardi,* 51 Misc. Rep. 1; *Kirschner* v. *Abbotts Bakeries, Inc.,* 92 id. 402. I think, however, that the judgment dated

February twenty-fourth is a nullity, because the judgment of February twenty-first was never vacated, and there cannot be two judgments in the action. The judgment of February twenty-first does not conform to section 74 of the Municipal Court Code, and it must therefore be reversed. As the time within which the Municipal Court could vacate, amend or modify it, so as to enter a proper judgment, has expired (Mun. Ct. Code, § 129, subd. 3), it would be of no avail to remit the case to the Municipal Court for the correction of the clerk's error. A new trial is, therefore, the only relief which this court can afford.

It is a matter of regret that under the Municipal Court Code there appears to be no other way in which, under the circumstances here disclosed, either this court or the Municipal Court can relieve the litigants from the error shown by the record.

Jaycox and Clark, JJ., concur.

Judgment reversed, without costs, and new trial ordered.