Per Curiam.

This is a motion made by the plaintiff for an order directing the clerk of the Municipal Court to file a notice of appeal nunc pro turne as of January 24, 1920.
It appears that on January 21, 1920, the defendant obtained a judgment in that court against the plaintiff. The plaintiff’s attorney alleges that on January 24, 1920, he “ personally mailed a notice of appeal in this action, together with the sum of $2.00 the filing fee. ’ ’ This letter he swears was addressed to the clerk of the court and he “ presumed that it had arrived there.” On February 16,1920, several days after the time in which to appeal had expired, he filed an undertaking and served a copy upon the defendant’s attorney, who returned the same, stating that no notice of appeal had been filed with the clerk. Plaintiff’s attorney then made search in the office of the clerk and ‘‘ finds that the notice had not been filed.”
Section 157 of the Municipal Court Code provides that an appeal is taken “ by filing ” with the clerk of the court a written notice of appeal, etc. «There is no provision for “ service ” upon the clerk of a notice of appeal as was contained in the former Municipal Court Act, section 311, and it is clear that the mere mailing of a notice of appeal addressed to the clerk, in the absence of proof of its receipt by him, is not a compliance with the statute requiring the “ filing ” of such notice.
This court held in the case of Block v. Israel, N. Y. L. J. March 12, 1919, that where the clerk had received the notice of appeal within the proper time, although the same was not accompanied by the requisite fee for filing, that the appellant might be relieved under section 158 of the Municipal Court Code. In this case, however, the affirmative proof is that the clerk did not receive the notice. To grant this motion would, *380 in effect, extend the time in which to appeal and this a court cannot do. Royal Palace Realty Co. v. White, 96 Misc. Rep. 678.
Motion denied.