EMILIE B. GRIGSBY, Appellant, *v.* IRVING RULAND, Respondent. (Actions Nos. 1 and 2.)

First Department, November 14, 1924.

**Landlord and tenant — action to recover rent of apartment — apartment was leased for two years but before expiration defendant vacated — lease contained provision that in case of default landlord might resume possession and relet for account of tenant — landlord gave tenant benefit of rent received for apartment after tenant quit — action of landlord in furnishing apartment and reletting it from month to month did not, as matter of law, constitute acceptance of surrender.**

In an action by a landlord to recover rent under a two-year lease of an unfurnished apartment, in which it appeared that the tenant abandoned the apartment before the expiration of the lease and that the lease provided that in case of default the landlord might resume possession of the premises and relet the same for the remainder of the term at the best rent obtainable for the account of

the tenant, the action of the landlord in furnishing the apartment and reletting it as such from month to month, without any effort to make a lease beyond the term of the tenant's lease, did not, as a matter of law, constitute an acceptance of the surrender of the premises so as to bar the landlord from collecting the rent under the lease. The question of acceptance was properly submitted to the jury and their verdict in favor of the landlord is supported by the evidence.

APPEAL in each action by the plaintiff, Emilie B. Grigsby, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 25th day of June, 1923, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, entered in each action in favor of the plaintiff, and dismissing the complaint in each action on the merits.

*Geller, Rolston & Blanc* [*George S. Mittendorf* of counsel; *Samuel Saline* with him on the brief], for the appellant.

*Edward B. Schulkind,* for the respondent.

DOWLING, J.:

Two actions were commenced against the defendant to recover rent of an apartment in the premises 660 Park avenue, borough of Manhattan, New York city, under a written lease from plaintiff to defendant. The answer in both actions contained a general denial and a defense of surrender and acceptance. Upon the trial the complaint was amended in action No. 1 so as to change the demand to $208.34, being the unpaid rent for the month of November, 1921; the complaint in action No. 2 was amended so as to change the demand therein to the sum of $593.36, being the rent unpaid for the months of January, February and March, and a balance due for April, 1922. No rent was claimed for December, 1921. It was not disputed that the rent remained unpaid.

Upon the trial the following facts were proven: The lease between plaintiff and defendant bears date April 9, 1920, and covers the northerly apartment on the second floor of the premises in question, and is for a period of two years from May 1, 1920, at an annual rental of $2,500, payable in equal monthly payments in advance. It contains the following clause:

" 6th. That in case of default in any of the covenants, the landlord may resume possession of the premises, and relet the same for the remainder of the term, at the best rent that she can obtain for account of the tenant, who shall make good any deficiency, and any notice, in writing, of intention to re-enter, as provided

41

for in the third section of an act entitled 'An Act to Abolish Distress for Rent, and for other purposes,' passed May 13th, 1846,* is expressly waived."

The defendant entered into possession of the apartment and vacated the same in February, 1921, but continued paying the rent therefor until November 1, 1921. During that period the apartment remained unoccupied. On November 5, 1921, plaintiff put certain articles of furniture belonging to her in the apartment and it was advertised for rent either furnished or unfurnished. It was then leased, unfurnished, to Mrs. W. K. Vanderbilt for the month of December, 1921, at a rental of $208.34, the amount reserved in defendant's lease. None of plaintiff's furniture was in the apartment when it was leased to Mrs. Vanderbilt, or while she was in possession of the premises, and it had evidently been removed therefrom.

The apartment consisted of two rooms — a bedroom and a living room — and it was again completely furnished by plaintiff with her own furniture and leased so furnished to one Gibson, at a monthly rental of $300, for a term of three months commencing January 5, 1922. Gibson was put out of the premises by plaintiff's agent and by agreement all of the month's rent in advance paid by him was returned except the sum of $90, the *pro rata* charge for the length of time he had occupied the apartment.

Then in the middle of April the apartment was again leased, furnished, to one Rosenthal, at a monthly rental of $250 until October first. Thereafter it remained unoccupied until the expiration of the term of defendant's lease.

Defendant has been credited by plaintiff with all of the rent received by her during the period of the occupation of the premises by other tenants, whether it was leased furnished or unfurnished, so that he has had all the benefit of the higher rental obtained from the presence of plaintiff's furniture therein.

There was a conflict of evidence as to whether the apartment was offered for rent after January 1, 1922, solely in a furnished state.

The court submitted the question to the jury as follows:

"The landlord, through her testimony, and the testimony of others, has tried to rent the premises. They have testified they tried to rent them unfurnished, and then they put furniture in there in an effort to rent it furnished, and all to the benefit of the defendant, whose lease was still in existence, as she has testified. Now, the defendant comes in and claims that by the acts of this

---

* See Laws of 1846, chap. 274, § 3, repealed.— [REP.

plaintiff she, by those acts, surrendered or accepted a surrender of the premises, and that is the defense in this action.

" It is for you to determine whether the act that the defendant complained of was such that by so doing she accepted a surrender of the premises. If she did, she is not entitled to recover any rent from this defendant. The act that he states constitutes a surrender and acceptance is the fact that instead of letting the premises as they were, unfurnished, she took her own furniture and placed in the premises for the purpose, as the defendant claims, of securing a higher rental, and by that act indicated the fact that she intended to accept and did accept a surrender of these premises. That, gentlemen, is the whole issue in this case, and it is for you to determine from the evidence here, both on behalf of the plaintiff and on behalf of the defendant, as to whether or not in your judgment there was or was not a surrender and acceptance. If there was a surrender and acceptance, the defendant is entitled to your verdict in each case. If not, your verdict must be in favor of the plaintiff, in one case, for the November rent, $208.34, and in the second action $593.36   Gentlemen, you may take the lease and retire and determine upon your verdict."

The only exception taken by defendant's counsel was as follows: " Plaintiff's counsel: The plaintiff requests the court to charge that the mere placing of the furniture in the apartment on November 5th, 1921, did not constitute an offer of a surrender and an acceptance of a surrender of the lease. The Court: I so charge. Defendant's counsel: I except."

The jury found in favor of plaintiff. The learned Appellate Term reversed the judgments and dismissed the complaint upon the ground that " the furnishing of the apartment, and letting it as a furnished apartment, worked a surrender and acceptance."

In this we think it was in error and that the facts established did not, as a matter of law, operate as an acceptance by the landlord of the tenant's surrender of the demised premises.

All that the landlord did was to put certain of her furniture in the vacant apartment in order to make it attractive as a furnished apartment, and to receive a higher rental therefor. The clause from the lease hereinbefore quoted did not prohibit the landlord from seeking to obtain a higher rent for the premises by putting her furniture therein. As a matter of fact, her act inured to defendant's benefit, for he has obtained the advantage of being released from his liability for the rent during the months when plaintiff was able to lease the apartment as a furnished one. The mere putting into a vacant apartment of movables, which can be taken in or carried out in a few hours, is not such an interference

First Department, November, 1924.    [Vol. 210

with the premises as evidences, as a matter of law, an acceptance of a surrender. No structural changes whatever were made in the rooms. All that was done was to move into the bedroom a single bed, a table, a day bed, a bureau and some chairs; and into the living room a wall table, chairs, rugs, portieres and to hang on the walls mirrors and pictures. They could all be moved out as easily as they were moved in, and simply evidenced a desire to lease the apartment as speedily and at as favorable a rent as possible, and thus to relieve defendant of his continuing liability. No effort was made to effect a new lease beyond the term of defendant's lease.

In *Saracena* v. *Preisler* (180 App. Div. 348) Mr. Justice Shearn said (at p. 353): " It is true that there was no offer on the part of the defendants to terminate the lease, which offer as such was accepted by the plaintiff; but an abandonment of the premises, coupled with a refusal to pay rent, when acted upon by the plaintiff in such manner as to show that he intended to resume control for his own benefit and not for the benefit of the outgoing tenants, is equivalent to surrender by operation of law. Clearly a landlord cannot resume possession of premises abandoned by a tenant and, while using the premises for his own personal benefit, hold the tenant for rent. Ordinarily, in such cases it is a question of fact whether the landlord resumed possession for his own benefit or to relet as agent for the tenant and the issue depends upon all of the surrounding circumstances."

And in *Brill* v. *Friedhoff* (192 App. Div. 802) this court said (at p. 813): " From all these considerations it follows that it was error to direct a verdict for plaintiffs; that the facts proved upon the trial did not establish, as a matter of law, that plaintiffs in making the lease to the Haffners acted as the agents of the original tenant and pursuant to written authority therefrom; that it was not established as a matter of law that there was no surrender of the demised premises to plaintiffs and no acceptance thereof by them. It also follows that there was a question of fact to be passed upon by the jury as to whether plaintiffs had accepted a surrender of the demised premises and retaken possession of the same in their own right as owners and executed the lease to the Haffners in their own right as owners and not as agents of the original tenants."

In the case now under consideration there was a question of fact as to whether the landlord had, upon the evidence, accepted the alleged surrender of the premises by defendant, by her act in placing her furniture therein, which upon this record was properly found by the jury in favor of plaintiff.

The determination of the Appellate Term should, therefore, be reversed and the judgments of the Municipal Court reinstated, with costs to appellant in this court and in the Appellate Term.

CLARKE, P. J., SMITH, MERRELL and MCAVOY, JJ., concur.

Determination appealed from reversed and judgments of the Municipal Court affirmed and reinstated, with costs to plaintiff, appellant, in this court and in the Appellate Term.