EDWARD S. DONNER, Doing Business as DONNER AUTO SALES COMPANY, Plaintiff, *v.* CHARLES WHITE and Another, Defendants.

Municipal Court of New York, Borough of Queens, Fifth District,
December 2, 1933.

*Alex H. Mandeltort*, for the plaintiff.

*Charles Margette*, for the defendant Charles White.

*Louis L. Garrell*, for the defendant Crescent Laundry Service, Inc.

MORRIS, J. This is a motion by the defendant Charles White for a retaxation of the costs and disbursements in the above-entitled action made by the clerk of the above court on the 6th day of November, 1933, on the ground that the judgment for thirty dollars costs and one dollar disbursements were improperly allowed in favor of the plaintiff and against the defendant Charles White, because the defendant Charles White is the prevailing party in whose favor judgment should be entered, pursuant to the decision rendered after the trial of this action in accordance with section 164 of the Municipal Court Code, and further for an order directing the clerk of the above court to enter judgment in favor of the defendant Charles White and against the plaintiff Edward S. Donner, doing business as Donner Auto Sales Company, for the sum of thirty-five dollars costs and seven dollars disbursements, pursuant to section 164 of the Municipal Court Code.

. This action was brought to recover the sum of $500 on a note made by the defendant Crescent Laundry Service, Inc., to the order of the defendant Charles White; before maturity and for a valuable consideration, said Charles White duly indorsed the note of the plaintiff herein. An action was instituted in the above court and a summons and complaint were served on the defendant Crescent Laundry Service, Inc., but there was never any summons and complaint served on the defendant Charles White.

During the pendency of the action and on or about May 23, 1933, the defendant Charles White appeared voluntarily and served and filed a verified answer setting up a separate defense and counterclaim of $400.

Thereafter and on July 20, 1933, a motion for summary judgment was made as against the defendant Crescent Laundry Service, Inc., only. The order on the motion for summary judgment reads as follows:

" Upon the foregoing papers this motion is granted as to the defendant Crescent Laundry Service, Inc. No affidavit in opposition such as contemplated under Rule 113 is submitted. This new motion is made on an amended pleading, to wit, the new answer. Previous determination is not *res adjudicata*. 5 days stay of execution of judgment.

" Serve copy of this order.

" Dated Jul 20, 1933

" N. M. PETTE
" *J. M. C.*"

It will be noted that the order contains no direction that the action be severed and proceed against the other defendant as the only defendant therein. (Civ. Prac. Act, §§ 474, 475.)

Judgment on the above order was entered on July 24, 1933, against the defendant Crescent Laundry Service, Inc., in the sum of $557.92, of which $518.92 was for the amount of the note, protest fees and interest, and $39 costs and disbursements. After judgment was procured against the defendant Crescent Laundry Service, Inc., a stipulation was entered into, wherein and whereby said judgment was to be settled upon certain terms and conditions. The defendant Crescent Laundry Service, Inc., failed to make payments on the dates set forth in the stipulation, and the time to make same was extended.

The trial proceeded on November 3, 1933, as against the defendant Charles White, and the attorney for the defendant White made a motion to dismiss the complaint upon the sole ground that the above action had been settled and paid. This motion

was denied upon a statement made by the attorney for the plaintiff that although the action had been settled there still remains a balance due the plaintiff of $125, represented by a postdated check dated October 30, 1933, and there was no assurance that such check had cleared in the bank where it had been deposited for collection. It was then agreed that the record of the trial showed that at the time of trial there was only due to the plaintiff the sum of $125, and that any judgment rendered against the defendant would not be in excess of $125. The defendant then proceeded with his counterclaim, and at the conclusion of the defendant's proof, on motion of the attorney for the plaintiff, the counterclaim was dismissed upon the ground that the counterclaim did not constitute an action in fraud.

After some discussion at the end of the trial, the defendant White again moved to dismiss the complaint upon the ground that the check above mentioned in the sum of $125 had been paid. Upon a statement made by the representative of the plaintiff that the check had not been returned by the bank and due to the lapse of time he assumed that the check had cleared the bank, the court stated that no judgment would be entered against the defendant and dismissed the complaint because of the payment of the claim.

Thereafter and on November 6, 1933, the plaintiff entered a judgment against Charles White and Crescent Laundry Service, Inc., for thirty-one dollars, comprising thirty dollars costs by statute and one dollar for execution to marshal, and hence the present motion.

It is an elementary proposition that there can be but one final judgment in an action. (*Royal Palace Realty Co.* v. *White*, 96 Misc. 678; *Block* v. *Black & White Cab Co.*, 102 id. 677; *German American Button Co.* v. *Heymsfeld*, 170 App. Div. 416; *Kriser* v. *Rodgers*, 195 id. 394.)

Had the defendant's attorney called to the court's attention the fact that no order severing the action had been entered before the entry of the judgment against the Crescent Laundry Service, Inc., there would have been no trial of the plaintiff's cause of action, or of the counterclaim.

As stated in *Kriser* v. *Rodgers* (*supra*, at p. 395): " The action being at law only one judgment could be entered unless the action is severed, as provided in section 456 of the Code of Civil Procedure. The order of severance should precede the entry of judgment; the theory of the law being that where parties are severally liable they may, at the option of the plaintiff, be united in one action or separately sued. Therefore, when plaintiff is in position to take

judgment against some, but not all of the defendants, he should be allowed to separate the action into two actions, enter judgment in one and proceed with the other.

" The judgment was improperly entered. The plaintiff's attorney alleges that it was so entered through his inadvertence and mistake. The proper practice is for the plaintiff to apply to vacate the judgment. (*Weston* v. *Citizens' Nat. Bank*, 88 App. Div. 330, 336.) He can then either sever the action and properly enter judgment against the defendant in default, or he may proceed with the trial, and, if successful, apply to the court upon the trial for a direction of judgment against all of the parties defendant who have been sued. (Code Civ. Proc. § 1214.) If unsuccessful the court may grant judgment for the defendant who appeared and litigated the issue and for the plaintiff against the defaulting defendants. (Id. § 1204.) "

Section 456 of the Code of Civil Procedure is now section 475 of the Civil Practice Act.

In view of the decision (*Kriser* v. *Rodgers, supra*) the plaintiff could not proceed to trial against the defendant White unless an application had been made to vacate the judgment against the defendant Crescent Laundry Service, Inc.

So also where the indorsers on a note default and the makers defend the action, the plaintiff is entitled to a severance of the action and its continuance against the makers of the note (*Citizen's Nat. Bk.* v. *Weston*, 81 Hun, 84) and a like rule governs where the maker defaults and the indorser defends (*Levin* v. *Haas*, 25 Hun, 266; *Fleischmann* v. *Stern*, 24 id. 265; affd., 90 N. Y. 110).

No objection was raised, however, by the attorney for the defendant White to the trial of the action, except as above stated, to wit, to dismiss the complaint on the ground that the above action had been settled and paid.

The defendant proceeded, therefore, to the trial of the counterclaim, no objection being made by the attorney for the plaintiff.

Under the facts as related the plaintiff was the " prevailing party." (*Hansen* v. *Levy*, 139 Misc. 693.)

However, the plaintiff is not entitled to a judgment for costs against the defendant White, because " the action being at law only one judgment could be entered unless the action is severed." (*Kriser* v. *Rodgers, supra.*)

The motion is, therefore, granted to the extent of vacating the judgment for thirty-one dollars, representing costs and disbursements entered November 6, 1933, against Charles White and Crescent Laundry Service, Inc., and denied in so far as the defendant White asks for an order directing the clerk of the court to enter judgment in favor of the defendant Charles White as against the plaintiff.