Esau Sallah, Plaintiff, *v.* Myriad Investing Corporation, Defendant.

City Court of New York, New York County, January 9, 1934.

*Winfred C. Allen*, for the plaintiff.

*Emanuel Stern*, for the defendant.

Keller, J.  Defendant leased premises to plaintiff's assignors. The lease was for a term of one year and eleven months, terminating May 1, 1927, and gave to the lessees the option at their election of extending the term for a further period of three years, which option was exercised.  The rent under the extended term was $3,300 a year, payable monthly in advance.

The lease contained the following covenant: " 8th. That if the said premises, or any part thereof, shall become vacant during the said term, the Landlord or its representatives may re-enter the same, either by force or otherwise, without being liable to prosecution therefor; and re-let the said premises as the agent of the said Tenants and receive the rent thereof, applying the same. first to the payment

of such expenses as he may be put to in re-entering, and then to the payment of the rent due by these presents; *the balance (if any) to be paid over to the Tenant who shall remain liable for any deficiency;* such liability for deficiency shall continue and not be terminated by removal of the tenant through or following summary proceedings."

In April, 1927, before the commencement of the extended term, the lessees requested defendant to release them from their obligations under the lease, stating they were willing to vacate the premises at any time. This defendant refused to do, stating that if the lessees did vacate the premises it would endeavor to relet same, holding them responsible for any deficiency. On April 30, 1927, the lessees, having shortly prior thereto vacated the premises, mailed the key to defendant. Defendant thereupon wrote the lessees, stating it would look to them for the rent during the extended term of the lease and that if it succeeded in finding a tenant for the premises for not less than the rental which the lessees had agreed to pay it would rent same for their account and credit them with the rentals received. A bill for the first month's rent under the extended term was sent to the lessees.

In June, 1927, defendant leased the premises to one Rosenberg for a period of ten years, commencing August 1, 1927, at an annual rental of $4,000 for the first five years of the term, and $4,500 for the remaining five years. This action is now brought by the plaintiff as assignee of the original lessees to recover the difference between the rental reserved in their lease for the period after they abandoned the premises, and the amount received by defendant during such period by reason of its lease to Rosenberg. It thus appears that the lessees prior to the expiration of their term desired to surrender the premises to the landlord, but it refused to accept such surrender, insisting that it would hold the lessees for the rent; that it would endeavor to rent same for and on their account; that subsequently, without further arrangements or negotiations between the parties, the lease to Rosenberg was made. Under these circumstances it is quite clear that there was no acceptance of the surrender by the defendant and that the reletting was in behalf of the lessees.

In the absence of an agreement, express or implied, otherwise providing, a reletting of the premises after an abandonment by the tenant would operate as an acceptance of the surrender of the premises and relieve the lessees from further obligations under the lease. (*Underhill* v. *Collins*, 132 N. Y. 269; *Gray* v. *Kaufman Dairy & Ice Cream Co.*, 162 id. 388.) Here, however, the lessees not only were informed by the lessor that it would not accept a surrender of the premises, but would relet same in their behalf, but the parties by the covenant contained in their lease above

referred to expressly agreed that in the event the premises became vacant during the term the landlord would be be entitled to relet as the agent of the tenants. It thus follows that the reletting was not an acceptance of the surrender, but one on behalf of the lessees pursuant to the election made by the lessor in accordance with the provisions of the lease so authorizing.

As the landlord expressly agreed to pay over to the tenants, after applying the rents received on reletting first to the expenses of re-entering, and secondly to the payment of rent due, any balance received on such reletting, it is liable for the excess so received, and accordingly plaintiff is entitled to judgment.

Judgment awarded to plaintiff for $1,089, with interest from May 1, 1930, to December 5, 1933, amounting to $224.14.