CIRCLE CAB CORPORATION, Plaintiff, *v.* ANTHONY RIZZUTO, Defendant.

Municipal Court of New York, Borough of Queens, Fourth District, March 2, 1937.

**548**

*Oscar Katz,* for the plaintiff.

*Paul Windels, Corporation Counsel [Daniel L. Cammarano, Assistant Corporation Counsel,* of counsel], for the defendant.

MORRIS, J. This is a motion for an order vacating the judgment entered herein on the 23d day of January, 1937, and granting a new trial on the ground that the plaintiff failed to prove that it had complied with chapters 100 and 323 of the Laws of 1936 and comprising sections 50-a to 50-c, inclusive, of the General Municipal Law.

The action was commenced by the service of a summons on the defendant herein on November 14, 1936, and is for the alleged negligence of defendant in the operation of a sanitation truck owned by the city of New York on August 27, 1936, at Hicks and Baltic streets, in the borough of Brooklyn, city of New York.

It is the contention of the defendant in support of the motion that on the day of the accident he was an employee of the city of New York and was the operator of a sanitation department truck, that it was the intent of the Legislature in view of the language of chapter 323 of the Laws of 1936 to protect employees from personal liability when operating municipally-owned vehicles in the discharge of their duties, and in addition that the plaintiff failed to comply with the requirements of section 50-c of the said General Municipal Law because there was no allegation in the complaint and no proof that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceedings is founded were presented to the comptroller or corresponding officer of the city of New York and the appointee for adjustment; and no allegation or proof that adjustment or payment thereof has been neglected or refused for thirty days after such presentment, and in addition that there was no proof that the action was commenced within one year after the cause of action accrued, nor was there any proof that notice of intention to commence such action and of the time when and the place where such damages were sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed and the value thereof had been filed with the comptroller of the said municipality and/or appointee with six months after such cause of action shall have accrued.

It is the court's opinion that section 50-b of the General Municipal Law, comprising a portion of chapter 323 of the Laws of 1936, was not enacted by the Legislature with the intent to protect employees from personal liability when operating municipally-owned vehicles upon public highways of the municipality in the discharge of a statutory duty, but, on the contrary, it was the intent

of the Legislature to eliminate " any inconsistent provisions of law, general, special or local or the limitation contained in the provisions of any city charter," relieving a city, town and village of liability resulting from negligence " of a person duly appointed in the operation of a municipally owned vehicle upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon such person or municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment."

Section 50-b, therefore, was enacted for the benefit of any litigant having a cause of action against any city, town and village which action previously could not be maintained because of some general, special or local statute limiting the liability of such city, town or village. To interpret any other intent from the statute would mean that the Legislature was inviting an employee of a city, town and village to be as negligent as he dared to be and escape liability. Certainly the Legislature could have had no such intent nor did it intend to deprive a litigant of his common-law action for negligence against the operator.

The first sentence of section 50-c (added by Laws of 1936, chap. 323) applies specifically to municipal liability for negligent operation of certain vehicles in the performance of duty by policemen and firemen. A subsequent portion of this section states: " No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, shall be prosecuted or maintained against the municipality *and* appointee unless it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller or corresponding officer, of said municipality and the appointee for adjustment, and that adjustment or payment thereof has been neglected or refused for thirty days after such presentment."

The portion of section 50-c just quoted refers to an action or special proceeding instituted pursuant to sections 50-b and 50-c against the municipality *and* the appointee. It is the court's opinion that this language refers to a joint action against both the city and the appointee and not to the appointee sued individually, without joining the municipality. This must be so because of the fact that the language used as to the thirty days having elapsed and refusal to adjust the claim for thirty days after presentment and the maintenance of the action within a year, together with notice of intention to commence such action and the filing of the

same with the necessary public official follows closely the language of section 261 of the Greater New York Charter. This, in the court's opinion, is again evident from the language of section 50-c: " And in the case of claims against said municipality or appointee, accrued after passage of this act for personal injuries and damages to real or personal property, or for destruction thereof, no action therein shall be maintained against said municipality and appointee."

The language refers to claims against a municipality *or* appointee and then states what preliminary steps must be taken before the action may be maintained against the municipality *and* appointee. Unquestionably having in mind a joint action.

The difference in the language in the first sentence of section 50-b and in the first sentence of section 50-c is quite significant. In section 50-b we find: " Every city * * * shall be liable and shall assume the liability for the negligence of a person duly appointed," while in section 50-c, referring to the municipal liability for negligent operation of certain vehicles in the performance of duties by policemen and firemen, is the following: " Every city * * * shall be liable for, and shall assume the liability to the extent that it shall save harmless any duly appointed policeman or fireman."

Under the rule of construction known as *ejusdem generis* where general words follow the enumeration of particular classes of persons or things, the general word will be construed as applicable only to persons or things of the same general nature or class as those enumerated. Applying this rule when the action is brought under section 50-b, the word " appointee " is applicable only to " a person duly appointed," and, when the action is brought under section 50-c, " appointee " is applicable only to " any duly appointed policeman or fireman of the municipality," and in the latter case, in addition to the municipality being liable for negligence, it also shall " save harmless."

It is the duty of the court to interpret words of a statute having a definite and precise meaning by restricting the meaning of such words to the natural and obvious meaning without resorting to subtle and forced construction. (*Rees* v. *Teachers Retirement Board*, 130 Misc. 442.)

The plaintiff in this action elected to hold the driver of the sanitation truck responsible for property damage to plaintiff's taxicab. The plaintiff did not attempt to hold the municipality, having elected not to have recourse to the statute but to bring suit against the defendant, and, having obtained a judgment against the individual defendant, the city of New York cannot in any way be held respon-

sible for the damages. Another action cannot be commenced against the city of New York without vacating the judgment against the individual defendant. (*Kriser* v. *Rodgers,* 195 App. Div. 394; *Donner* v. *White,* 149 Misc. 709.)

The motion for an order vacating the judgment against the defendant is denied.