DONALD BABCOCK, an Infant over Fourteen Years of Age, by LAWSON A. BABCOCK, His Guardian ad Litem, Plaintiff, *v.* WILLIAM A. McCAFFREY and THE CITY OF OSWEGO, Defendants.

LAWSON A. BABCOCK, Plaintiff, *v.* WILLIAM A. McCAFFREY and THE CITY OF OSWEGO, Defendants.

Supreme Court, Oswego County, November 2, 1937.

*Benjamin C. Turner*, for the plaintiffs.

*Harry G. Mizen* [*Donald M. Mawhinney* of counsel], for the defendants.

DOWLING, J. About five-forty-five P. M., October 8, 1936, plaintiff Lawson A. Babcock was driving a team of horses, owned by him and attached to a hay wagon, in a westerly direction over the State highway extending from Mexico to New Haven in the town of New Haven, Oswego county, N. Y. His son, Donald Babcock, accompanied him at the time. An automobile, owned by the defendant city of Oswego, and driven by the defendant William A. McCaffrey, superintendent of water of the city of Oswego, collided with the rear of said wagon injuring plaintiffs, the wagon and team. Plaintiff Lawson A. Babcock sues to recover damages in amount of $5,453, and plaintiff Donald Babcock sues to recover damages in amount of $25,000.

Plaintiffs allege said automobile, on the occasion of the accident, was being operated by McCaffrey with the consent of and on the business of the city of Oswego and in a careless and negligent manner. They further allege they have complied with section 322 of article XII of Local Law No. 22, effective November 21, 1933 (Local Laws of 1933, pp. 267, 270), being "An act to revise the charter of the city of Oswego." This section relates to claims and actions against the city of Oswego to recover damages for injuries to the person and property.

Defendants admit that an automobile owned by the city of Oswego and driven by defendant McCaffrey collided with the Babcock wagon at the time and place mentioned in the complaint. They deny that said automobile was being operated on the occasion of the accident with the consent of or on the business of the city of Oswego. As affirmative defenses defendants allege that the accident was caused or contributed to by the negligence of the plaintiffs and that plaintiffs have failed to serve and file the necessary claims and notices of claim with the proper authorities of the city of Oswego and have failed to comply with the necessary and proper conditions precedent to the bringing of these actions as required by the charter of the city of Oswego and by the statutes of the State of New York, particularly sections 50-a, 50-b and 50-c of the General Municipal Law.

Defendants move for judgment on the pleadings dismissing the complaints on the ground they do not state facts sufficient to constitute a cause of action against the defendants, or either of them.

On the argument defendants conceded that plaintiffs have complied with the requirements of section 322 of article XII of

Local Law No. 22, effective November 21, 1933, amending chapter 394 of the Laws of 1895, entitled " An act to revise the charter of the city of Oswego." Plaintiffs concede they have not complied with the requirements of sections 50-a, 50-b and 50-c of the General Municipal Law. They contend that these sections do not apply to these actions on the theory that the ownership and operation of a water system, concededly owned and operated by the city of Oswego, under the provisions of chapter 519 of the Laws of 1931, is not a governmental function as that term is generally understood.

Plaintiffs have withdrawn the *second* and *third* causes of action alleged in their original complaints and have served amended complaints containing, among others, the following allegation (¶ third), " And that at the time of said accident the said defendant, William A. McCaffrey, was so driving and operating said automobile on the business of the said defendant, City of Oswego; and on the business of the Department of Water of said defendant City; and that said accident occurred in the town of New Haven, Oswego County, N. Y." On these motions these allegations are to be considered as admitted facts.

In acquiring and operating a water system, the city of Oswego acts " as proprietor of a corporate business " and not in a governmental capacity. (*Oakes Mfg. Co.* v. *City of New York*, 206 N. Y. 221, 227, 228.) While the business of maintaining a municipal water system " is public in its nature and impressed with a public interest, it is not an exercise of governmental or police power." (*Canavan* v. *City of Mechanicville*, 229 N. Y. 473, 476.) Where a municipality acts in a proprietary capacity " liability attaches for negligence, and the standard of care is the same as that exacted from the proprietor of a private business." (*Oakes Mfg. Co.* v. *City of New York, supra; Layer* v. *City of Buffalo*, 274 N. Y. 135, 139.) In instances where a municipality acts in a proprietary or private capacity it may not invoke the doctrine of sovereign immunity. (*Willcox* v. *County of Erie*, 252 App. Div. 20, 21.) In a general sense, public duties, governmental in character, include " the functions of fire and police protection, the protection of health and the administration of public charities. Within this field the rule of non-liability prevails." (*Augustine* v. *Town of Brant*, 249 N. Y. 198, 204.) Manifestly, the operation of a water system by a municipality, in the absence of special statutory enactment, does not fall within this definition.

Section 282-g of the Highway Law, added by chapter 466 of the Laws of 1929, was " enacted to make municipalities liable for the negligence of the operators of their vehicles in the exercise of their statutory duties, in the course of their employment and in the dis-

charge of their governmental functions [citing cases]." (*Matter of Evans* v. *Berry*, 262 N. Y. 61, 68.) Section 282-g of the Highway Law was repealed by section 353 of chapter 63 of the Laws of 1936, and in its place the Legislature added four new sections to article IV of the General Municipal Law; section 50-a by chapter 100 of the Laws of 1936, sections 50-b and 50-c by chapter 323 of the Laws of 1936, and section 50-d by chapter 483 of the Laws of 1937. This article is entitled " Negligence and malfeasance of public officers."

The purpose of section 282-g of the Highway Law was to " annul the rule of non-liability of municipal corporations for the negligence of persons operating municipally-owned vehicles in the discharge of the operator's duty. Such liability now exists, even though the operator is performing a governmental duty." (*Snyder* v. *City of Binghamton*, 138 Misc. 259, 262; affd., 233 App. Div. 782.) The intent of the Legislature, as expressed in former section 282-g of the Highway Law, is embodied in the above provisions of the General Municipal Law.

Section 50-a of the General Municipal Law relates to the operation of municipally-owned vehicles " upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon the municipality, provided the appointee [the one appointed to operate the vehicle] at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment."

Section 50-b of the General Municipal Law imposes the same liability upon the municipality as does section 50-a of the General Municipal Law, " notwithstanding any inconsistent provisions of law, general, special or local or any limitation contained in the provision of any city charter."

Section 50-c relates to municipal liability for negligent operation of certain vehicles in performance of duty by policemen and firemen.

All three sections relate to accidents and injuries caused while the municipally-owned vehicles are being operated upon *the public streets and highways of the municipality* while the appointee operating the vehicle is acting in the discharge of his duties and within the scope of his employment.

Section 50-c provides: " No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, shall be prosecuted or maintained against the municipality and appointee, unless it shall appear by and as an allegation in the complaint or the moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller,

or corresponding officer, of said municipality and the appointee for adjustment, and that adjustment or payment thereof has been neglected or refused for thirty days after such presentment; and in the case of claims against said municipality or appointee, accruing after the passage of this act for personal injuries or damages to real or personal property, or for destruction thereof, no action thereon shall be maintained against said municipality and appointee, unless such action shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed, and the value thereof, shall have been filed with the comptroller of said municipality and with the appointee within six months after such cause of action shall have accrued."

The injuries to person and property complained of here were not sustained in an accident upon the public streets and highways of the city of Oswego; hence these provisions of the General Municipal Law do not apply to these actions. Compliance with the provisions of sections 50-b and 50-c of the General Municipal Law is mandatory only in cases or proceedings where the accident occurred or the injuries and damages to person or property were occasioned while the municipal vehicle is being operated on the public streets or highways of the municipality.

A person suing a municipality in an action or proceeding under sections 50-a, 50-b or 50-c of the General Municipal Law must comply with the provisions of these sections. He must also comply with the provisions of section 322 of Local Law No. 22 of the Local Laws of 1933 which provides for presentation to the common council and service upon the mayor or city clerk of a verified claim containing the required information and of notice of intention to sue upon the corporation counsel. Where, however, the action arises out of an accident or injury which did not occur on the public streets or highways of the municipality, compliance with sections 50-a, 50-b and 50-c of the General Municipal Law is not required.

Plaintiffs' complaints contain facts sufficient to state causes of action at common law against both defendants. Motion in each case for judgment on the pleadings and to dismiss the complaint is denied, with ten dollars costs to abide event.