KATHERINE ERA BARNES, Plaintiff, *v.* HYMAN I. GARDNER and Others, Defendants.

Supreme Court, Special Term, Kings County, January 18, 1939.

*Coler & Low [Samuel Weiss* of counsel], for the plaintiff.

*Lorenz J. Brosnan [Thomas H. Clearwater* of counsel], for the defendants Kaufman, Clark and Serpico.

CONWAY, J. Plaintiff applied for treatment to the Out-Patient Department of Metropolitan Hospital, a city institution operated by the city's welfare department, and received such treatment commencing on or about June 22, 1937. The defendants, more particularly the three moving defendants (Kaufman, Clark and Serpico), were physicians and surgeons on the staff of that hospital rendering gratuitous service. Plaintiff alleges that they advised and on or about June 26, 1937, performed on her an operation for umbilical hernia; that they were negligent and unskillful in that they left in her abdomen a surgical sponge, and subsequently discharged her in that condition; that an infection resulted and another operation in another hospital by another surgeon resulted in the discovery and removal of the sponge. She seeks $50,000 damages.

No answer has as yet been interposed, but the moving defendants seek now under subdivisions 2 and 6 of rule 107 of the Rules of Civil Practice to procure a dismissal of the complaint on the ground that the court does not have jurisdiction in the premises and that the Statute of Limitations has run, basing both arguments on the language of section 50-d of the General Municipal Law.

This is a new section, added by chapter 483 of the Laws of 1937, which took effect May 22, 1937.

The fact that defendants rendered their services gratuitously does not exempt them from liability (*DuBois* v. *Decker*, 130 N. Y. 325); nor would the common-law immunity of the city in performing

a governmental function shield them from the result of their own negligent and unskillful acts. (*Ottmann* v. *Village of Rockville Centre*, 275 N. Y. 270, and cases therein cited.) The usual Statute of Limitations for a malpractice action is two years. (Civ. Prac. Act, § 50.) Such limitation begins to run from the time of the alleged malpractice, not from the time of the discovery thereof. (*Conklin* v. *Draper*, 229 App. Div. 227.)

Defendants contend, however, that under the provisions of section 50-d of the General Municipal Law plaintiff has no cause of action unless she has shown compliance with the provisions of the second paragraph thereof which recites: " No action shall be maintained under this section against such municipal corporation, physician or dentist unless the applicable provisions of law pertaining to the commencement of action and the filing of notice of intention to commence action against such municipal corporation shall be strictly complied with." In other words, they contend that plaintiff having failed to give notice within six months or to commence her action within one year, she is now barred, and that the Statute of Limitations as against them individually has been cut down from two years to one year as a result of this enactment.

In my opinion, under recognized rules of statutory construction, the contention is unsound.

Section 50-d of the General Municipal Law is to be read in conjunction with its companion sections, particularly sections 50-a, 50-b and 50-c. These sections, enacted in 1936, cut down the immunity formerly enjoyed by municipalities for negligence arising in the discharge of governmental functions. (*Babcock* v. *McCaffrey*, 165 Misc. 103.) Sections 50-a and 50-b deal with negligence arising from the operation of municipally owned vehicles upon the public streets and section 50-c deals specifically with liability for negligence arising out of the operation of police and fire apparatus. Section 50-d, enacted in 1937, carries the limitation of immunity still further by extending it to cases of malpractice by physicians and dentists in public institutions. All of these enactments place liability upon municipalities in fields where they were formerly immune, but in whittling down the immunity the Legislature prescribed certain conditions as to limitation of time and notice such as are customary when municipalities are sued. There is nowhere manifested any attempt to interfere with, modify or repeal other general Statutes of Limitation in suits against individuals. Section 50-d, in the paragraph quoted, specifically refers to an action brought " under *this section*." The action herein is not brought under that section. (See, also, analogous reasoning in *Circle Cab Co.* v. *Rizzuto*, 162 Misc. 547.)

Motion denied, with ten dollars costs.