MILTON S. MERMELL, Plaintiff, *v.* TOWN OF RHINEBECK et al., Defendants.

Supreme Court, Special Term, Dutchess County, October 14, 1946.

*Benson R. Frost* for Town of Rhinebeck, defendant.

*William A. Mulvey* for plaintiff.

BAILEY, J. Defendant, the Town of Rhinebeck, moves pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that in attempting to land his airplane at a commercial airfield maintained by the individual defendant the plaintiff collided with a power roller owned by the Town of Rhinebeck which had been placed upon the airfield by the agents, servants and employees of the said town. That by reason of the knowledge on the part of the town that the aforesaid field was regularly used as a landing field for airplanes, the town was negligent in permitting the roller to remain in such a place, thereby creating a dangerous condition, without any warning or notice of its placement or location.

The moving defendant as a municipal corporation may be required to respond in damages for negligence when acting in a proprietary capacity. (*Layer* v. *City of Buffalo*, 274 N. Y. 135; *Babcock* v. *McCaffrey*, 165 Misc. 103.) And the recent tendency is opposed to the rule of nonliability for municipalities for negligence while acting in a governmental capacity. (*Thayer* v. *City of New York*, 293 N. Y. 801; *Bloom* v. *Jewish Board of Guardians*, 286 N. Y. 349.)

However, the complaint under consideration contains no allegation of any undertaking, either of a corporate or governmental nature, in which the town was engaged in placing the roller on the airfield. Neither is there any allegation that the agents, servants or employees of the town were engaged in the performance of their duties for or on behalf of the town in so placing and leaving the roller upon the private lands where the collision occurred. In the absence of such allegations the complaint fails to state a cause of action against the town or connect it in any way with the negligence alleged. (*Muller* v. *Hillenbrand*, 227 N. Y. 448, 451.)

Motion to dismiss as against the Town of Rhinebeck granted with leave to plaintiff to plead anew within ten days of the entry of an order hereon, if so advised.