Arnold L. Fein, J.
The indorsed complaint pleads: “ Action for rent for Oct. & Nov. 1965, for 4th floor apartment at premises 26 E. 33rd St., N. Y. Pltf. is landlord and defendants, tenants, under lease dated 6/17/63 expiring 6/30/67 made in N. Y. County, totalling $300.00, advertising apartment for re-rent, $67.12, repairing chime doorbell $12.50; painting apartment $105.00. Beal Estate Commission for re-renting apartment $150.00, total $634.62 less security of $150.00 leaving a balance of $484.62. Interest from Nov. 1, 1965.”
Defendants, appearing in person, admit execution of the lease (which expires by its terms, June 30, 1966, not June 30, 1967) and that they removed from the premises prior to October 15, 1965, without paying October rent. Although not formally pleaded, defendants allege a surrender and acceptance in that: (1) defendants wrote to plaintiff, September 20, 1965, stating it was imperative for defendants to remove from the apartment by October 15, because the health of one of them required an elevator apartment, and the other could not ‘ ‘ carry the rent alone, ’ ’ and plaintiff could retain the security in lieu of October rent ”; (2) plaintiff failed to respond thereto until after defendants had moved out; (3) plaintiff advertised the apartment for rent commencing October 13, 1965 at a higher rent; (4) plaintiff re-entered on or about October 14, 1965; and (5) plaintiff rented the apartment to new tenants at a higher rental, sometime in November, 1965.
On October 14, 1965, plaintiff wrote defendants that the doctor’s letter would not relieve them from their obligations under the lease and that the return of a door chime button allegedly removed by defendants would be appreciated. Commencing October 13, 1965, plaintiff advertised the apartment for rent at a higher rental, having re-entered on or about that *377 date. The apartment was rented commencing December 1,1965 for $165 per month.
Tenants’ September 20 letter and subsequent voluntary removal, prior to receipt of plaintiff’s letter, did not accomplish a surrender and acceptance. (Bedford v. Terhune, 30 N. Y. 453; Sallah v. Myriad Investing Corp., 150 Misc. 722.) That plaintiff did not respond until after tenants moved out is immaterial. Mere silence of a landlord in the face of such a letter, even including- a tender of the keys, is not sufficient to found an acceptance. (Gray v. Kaufman Dairy & Ice Cream Co., 162 N. Y. 388; Learned v. Tillotson, 97 N. Y. 1; Sallah v. Myriad Investing Corp., supra.) Absent express agreement, surrender and acceptance — terminating- tenant’s liability — can only be founded upon some unequivocal action by the landlord inconsistent with (1) the landlord-tenant relationship, and (2) the survival clauses in the lease continuing the liability of the tenant despite re-entry by the landlord and renting- to others. (Hermitage Co. v. Levine, 248 N. Y. 333; Michaels v. Fishel, 169 N. Y. 381; Saracena v. Preisler, 180 App. Div. 348; Brill v. Friedhoff, 192 App. Div. 802; Grigsby v. Ruland, 210 App. Div. 640.) Tenants having vacated, the survival clauses in this lease permitted landlord to re-enter and rerent — without terminating tenant’s liability, albeit such liability would be for damages only. (Hermitage Co. v. Levine, supra; Hines v. Bisgeier, 244 App. Div. 354; Lenco, Inc. v. Hirschfeld, 247 N. Y. 44; Kottler v. New York Bargain House, 242 N. Y. 28.)
However, simultaneously with its re-entry, plaintiff advertised the apartment for rent at $170 per month and then at $165 per month, although tenants’ lease provided for a rental of $150 per month. Plaintiff succeeded in rerenting it at $165 per month for a term extending beyond the expiration date of tenants’ lease and seeks to recover $67.12, the cost of such advertising. The survival clause expressly permits rerenting for a longer or shorter term and the granting of free rent or concessions. Although not provided for in the survival clause, rerenting at a higher rent does not result in a surrender and acceptance. (Grigsby v. Ruland, supra; Sallah v. Myriad Investing Corp., supra; Brill v. Friedhoff, supra; Hackett v. Richards, 13 N. Y. 138.) However, this does not entitle plaintiff to recover advertising costs in the absence of an express provision therefor in the lease. No provision of the lease permits plaintiff acting as agent for tenant, or in its own right, to attempt to rerent at a higher rent and to charge tenant for the expenses involved in such effort, whether successful or unsuccessful.
*378 A landlord is under no obligation to mitigate damages. (Becar v. Flues, 64 N. Y. 518; Underhill v. Collins, 132 N. Y. 269.) The parties may by contract provide for the consequences of the tenant’s breach, lay down a rule to admeasure damages and agree when they are to be paid. (Hermitage Co. v. Levine, supra; McCready v. Lindenborn, 172 N. Y. 400.) However, such provisions for survival of liability must be strictly construed and may not impose on a tenant an obligation he has not expressly assumed. A covenant to pay with no right to enjoy should be clear and unambiguous. (Michaels v. Fishel, supra; Hackett v. Richards, supra; Hermitage Co. v. Levine, supra.) Plaintiff, conceding advertising expenses are not expressly made recoverable as damages, contends paragraphs 16 and 17 of the lease, listing other items of damage, are broad enough to include advertising expenses.
Paragraph 16 provides, among other things, that if the premises become vacant and the landlord gives the tenant three days’ notice to end the term of the lease or if tenant defaults in the payment of rent or additional rent landlord may without notice re-enter and “ hold the premises as if the lease were not made,” and that in case of such default, re-entry, expiration and/or dispossess the “ rent shall become due thereupon and be paid up to the time of such re-entry, dispossess and/or expiration, together with such expenses as Landlord may incur for legal expenses, attorney’s fees, brokerage and/or putting the demised premises in good order, or for preparing the same for rerental.” The listing of the types of expenses intended, following the words “ such expenses ”, effects a limitation not an extension of meaning, under the principle of ejusdem generis. (Circle Cab Corp. v. Rizzutoo, 162 Misc. 547; Stewart v. Barber, 182 Misc. 91.) Advertising expenses are not of the same general nature or class or included in ‘ ‘ legal expenses, attorney’s fees, brokerage and/or putting the premises in good order, or for preparing the same for rerental.”
Paragraph 17 provides: “ If Tenant shall default in the performance of any covenant on Tenant’s part to be performed by virtue of any provision in any article in this lease contained, Landlord may immediately, or at any time thereafter, without notice, perform the same for the account of Tenant. If Landlord at any time is compelled to pay or elects to pay any sum of money, or do any act which would require the payment of any sum of money by reason of the failure of tenant to comply with any provision hereof, or, if Landlord is compelled to incur any expense, including reasonable attorney’s fees in instituting, prosecuting and/or defending any action or proceeding insti *379 tuted by reason of any default of Tenant hereunder, the sum or sums so paid by Landlord with all interests, costs and damages, shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord on the first day of the month following the incurring of such respective expenses. ’ ’
This clause appears to intend only expenses attributable to the performance by landlord of an obligation undertaken and not performed by tenant or to legal expenses in connection with actions brought by or against the tenant and does not include advertising expenses, either expressly or by implication..
Nor is plaintiff entitled to recover the cost of painting the apartment in connection with its rerenting. Paragraph 16 provides in part that the tenant shall be liable, apparently as additional rent, for any expenses incurred in * putting the demised premises in good order, or for preparing the same for rerental,” and as “ liquidated damages ” for any expenses incurred “ for keeping the demised premises in good order or for preparing the same for re-letting ”. Although not explicit, this repetitive language might be construed as including expenses of redecoration. However, the same paragraph provides: ‘ ‘ Landlord * * * may make such alterations and/ or decorations in the demised premises as Landlord in Landlord’s sole judgment considers advisable and necessary for the purpose of reletting the demised premises; and the making of such alterations and/or decorations shall not operate or be construed to release tenant from liability hereunder as aforesaid.”
This latter sentence, apparently phrased to preclude a defense of surrender and acceptance, uses the express word “ decorations ”, not used in the sentences imposing or continuing tenant’s liability. Accordingly, it must be concluded that the drafter did not consider * ‘ decorations ’ ’ as included in ‘ ‘ putting” or “keeping the demised premises in good order” or “preparing the same for reletting”. In interpreting this so-called “ Standard Form of Apartment Lease ” containing 28 closely printed paragraphs, many of which are highly technical and not all of which are consistent, every ambiguity should be resolved in favor of the tenant against him who presumably adopted it. (455 Seventh Ave. v. Hussey Realty Corp., 295 N. Y. 166; Moran v. Standard Oil Co., 211 N. Y. 187; Evelyn Bldg. Corp. v. City of New York, 257 N. Y. 501; Michaels v. Fishel, 169 N. Y. 381 [suyra].)
Plaintiff also seeks to recover $150 real estate commission for rerenting the apartment. The lease describes the parties as “Building Supervision Corporation, Agents, party of the first part, hereinafter referred to as Landlord” and is signed *380 as follows: “ In witness whereof, the Landlord and Tenant have respectively signed and sealed this lease as of the day and year first above written,” signed ‘‘ Building Supervision Corporation, Agents,” by an officer of said corporation. Throughout the lease the rights are referred to as those of the “ landlord ”. The complaint, captioned “ Building Supervision Corp., Plaintiff ’ ’ reads in part: ‘ ‘ Pltf. is landlord and defendants, tenants ”. Plaintiff’s testimony was that the undisclosed owner of the premises had paid plaintiff, described in said testimony as agent, a brokerage commission. Plaintiff, which admittedly received the commission, has no standing to sue to recover amounts already received by it. Having described itself as landlord in both the lease and the complaint, it cannot complain against being bound by its own description. Evidence it was the agent would be inadmissible under its complaint. Moreover, it sustained no damages. Although an agent may properly sign a lease for a landlord where authorized in writing to do so, it may not at the same time describe itself as the landlord and sue as such. Having sustained no damage, plaintiff has no right to recover the commission. Plaintiff argued it was suing for the benefit of the record owner as undisclosed principal. On the face of this record and complaint, plaintiff may not do so.
Landlord is entitled to recover the cost of installing and repairing the chime door bell, one of the tenants having conceded she took the chime with her upon removing from the premises.
Judgment for the landlord in the sum of $162.50, with interest from November 1, 1965, representing damages equal to the rent for October and November at $150 per month, plus $12.50 for repairing the chime door bell, less the security of $150.